UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

FILED
SEP 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| DAVID C. SHARP ) *19301 Watkins Mill Rd Montgomery Village, MD 20886* ) Plaintiff, ) ) vs. ) ) ROSA MEXICANO, D.C., LLC ) *Corporation Services 1875 Vermont Avenue NW Washington DC 20005* Defendant. ) ) _____ ) | CASE NUMBER 1:06CV01693 JUDGE: John D. Bates DECK TYPE: Civil Rights (non-employment) DATE STAMP: 09/29/2006 |

**COMPLAINT**

COMES NOW, the Plaintiff, David C. Sharp, by and through the undersigned attorney, and files this Complaint, and sues the defendant, ROSA MEXICANO, D.C., LLC, and states:

1. This is an action pursuant to the Americans With Disabilities Act, 42 U.S.C.A. §§ 12101 *et. seq.* (hereinafter ADA).

2. This court has jurisdiction under 28 U.S.C.A. §§ 1331 and 1331.

3. Plaintiff, David C. Sharp's (hereinafter Sharp), claim is authorized by 28 U.S.C.A. §§ 2201 and 2202.

4. At all times material hereto, the Plaintiff, Sharp, was and is a resident of the State of Maryland, and is wheelchair bound.

5. At all times material hereto, the Defendant, Rosa Mexicano, D.C., LLC, (hereinafter Rosa), was and is a foreign Limited Liability Corporation, licensed to do and is doing business in Washington, D.C. at 575 7th Street, NW, Washington, D.C. In

1

addition, according to its website, Defendant, Rosa, operates three restaurants in New York City, New York, one in Atlanta, Georgia, and plans a future opening in Miami, Florida.

6. On or about April 29, 2006, Plaintiff, Sharp, was a patron at Defendant, Rosa's, restaurant in Washington, D.C.

7. At the time and place described above, Plaintiff, Sharp, entered the restroom, for the purpose of, among other things, washing his hands. Upon attempting to do so, Plaintiff, Sharp, was prevented from washing his hands because the Defendant, Rosa, placed a bar on the washstand, which prevented Sharp from rolling his wheelchair under the wash basin countertop. In addition, even assuming Sharp could have rolled his wheelchair under the basin countertop, he would still have been prevented from utilizing the basins because the height of the basin exceeds the maximum allowable height for wheelchair access. Finally, even assuming the wash basin was at the correct level, Sharp, who has limited use of his upper limbs, would have been prevented from turning on the water, because of the improper faucet apparatus, which does not permit for access to persons with limited hand control. (See exhibit A, attached)

8. At all times material hereto, Defendant, Rosa, knew, or should have known that the restroom wash basin architecture was in violation of minimum ADA requirements (See exhibit B, attached)

9. At all times material hereto, Defendant, Rosa, could have, and could easily make its restaurant restrooms accessible by removing such barrier and utilizing available commercially known wash basins and faucets, but the said Defendant has failed to do so.

10. As a direct and proximate result of the above-described conditions, the Plaintiff,

Sharp, has suffered the denial of equal access to the Defendant, Rosa's restrooms, he has no adequate remedy at law, or otherwise, for the harm done by Defendant, Rosa, and Sharp will continue to suffer great and irreparable loss, damage and injury in the future unless the Defendant, Rosa, is enjoined from continuing to operate with the said conditions in violation of the ADA.

WHEREFORE, the Plaintiff, David C. Sharp, demands the entry of a temporary restraining order, a preliminary injunction, and, after a final hearing, a permanent injunction, and enjoining Defendant, Rosa, its agents and employees, from continuing its discrimination. Plaintiff, David C. Sharp, in addition, demands attorney's fees, costs and expenses, and such additional or alternative relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED,

_____
Olekanma A. Ekekwe, Esquire
D.C. Bar no.: 479967
Counsel for plaintiff
717 D Street, NW
Suite 314
Washington, DC 20004
202-783-1750

# Rosa Mexicano: Current Men's Restroom



**Exhibit A**

06 1693
FILED
SEP 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Title III ADA Public Access Case
Rosa Mexicano Restaurant

575 7th Street at F Street NW
Washington, DC, 20004

Tel. (202) 783-5522

I.  Restroom
    A. Sink – The sink is an aluminum oval metal container that is approximately 10 inches deep standing on a four legged table.



This far exceeds the maximum height of 34 inches as indicated in Diagram 31 of the ADAAG.

Secondly, the height of the aluminum oval metal container prevents the person in a wheelchair from reaching the faucet controls.

B. Lavoratory Table – The lavoratory table has a threshold on the front and the two sides attached to the legs approximately 4 inches above the floor. This obstructs the wheelchair from rolling under the lavoratory, thus preventing access to the sink and the faucet controls.

06 1693

FILED

SEP 29 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit B