## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAVID C. SHARP,                          )
                                         )
    Plaintiff,                      )
                                         )
v.                                       )      No. 1:06CV01693 (JDB)
                                         )
ROSA MEXICANO D.C. LLC,                  )
                                         )
    Defendant.                      )
                                         )
_____  )

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
## FOR SUMMARY JUDGMENT

    Pursuant to Rules 12(b)(6) and 56(c) of the Federal Rules of Civil Procedure, Defendant

Rosa Mexicano D.C. LLC ("Rosa Mexicano") moves to dismiss, or in the alternative, for

summary judgment on Plaintiff's claims. In support of its Motion, Defendant refers the Court to

the enclosed Memorandum and Statement of Undisputed Facts.

                                    Respectfully submitted,

                                     /s/
                                   Connie N. Bertram (D.C. Bar No. 435840)
                                   WINSTON & STRAWN LLP
                                   1700 K Street, N.W.
                                   Washington, DC  20006
                                   (202) 282-5000
                                   (202) 282-5100 (fax)
                                   cbertram@winston.com

                                   *Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DAVID C. SHARP,                          )
                                         )
     Plaintiff,                        )
                                         )
v.                                       )        No. 1:06CV01693 (JDB)
                                         )
ROSA MEXICANO D.C. LLC,                  )
                                         )
     Defendant.                        )
_____)

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Rules 12(b)(6) and 56(c) of the Federal Rules of Civil Procedure, Defendant

Rosa Mexicano D.C. LLC ("Rosa Mexicano") submits its Memorandum in Support of its Motion

to Dismiss, or in the Alternative, for Summary Judgment.

**I.      INTRODUCTION AND SUMMARY**

In his Complaint, Plaintiff David Sharp alleges that the sinks in the restrooms at Rosa

Mexicano, a restaurant in the District of Columbia, are not compliant with handicap accessibility

standards promulgated under the Americans With Disabilities Act ("ADA").  Plaintiff alleges

that on or about April 29, 2006, Plaintiff entered the restroom at the restaurant and could not

wash his hands because a bar on the washstand prevented him from rolling his wheelchair under

the sink and the height of the sink exceeded the maximum allowable height.  Plaintiff also

alleges that the faucet apparatus on the sink does not permit use by persons with limited hand

control.  Plaintiff attached to his Complaint photographs of one of the sinks in one of the

restrooms in the restaurant.

However, as demonstrated by the Declaration of Raymond Fischer and the attached

photographs, attached hereto as Exhibit 1, the sinks in the restrooms at Rosa Mexicano are fully

compliant with ADA regulations.  Plaintiff merely describes and provides pictures in his

Complaint of two of the sinks in the restrooms at Rosa Mexicano.  Apparently, neither Plaintiff

nor his "investigator" entered the clearly marked, private handicap-accessible stalls in the

restrooms.  If they had, they would have found that, contrary to the allegations of the Complaint,

Rosa Mexicano's sinks comply fully with ADA accessibility standards.

Consequently, Plaintiff's baseless ADA claim should be dismissed pursuant to Rules

12(b)(6) and 56, and Rosa Mexicano should be awarded its fees and expenses pursuant to Rule

11 and 42 U.S.C. § 12205.

## II.    STATEMENT OF UNDISPUTED FACTS

1.    Rosa Mexicano is a restaurant licensed to do business at 575 7th Street, N.W.,

Washington, D.C.  Comp. ¶ 5.

2.    The restrooms at Rosa Mexicano feature a large, private stall that is labeled with a

sign on the wall clearly indicating that it accessible to the handicapped.  Declaration of Raymond

Fischer ("Fischer Dec.") ¶¶ 3, 6, Ex. B.

3.    The pictures of the Rosa Mexicano restroom that Plaintiff attached to his

Complaint do not reflect the private handicapped stall.  Fischer Dec. ¶ 4.

4.    On or around October 30, 2006, Rosa Mexicano employee Raymond Fischer took

several photographs of the portion of the Rosa Mexicano restroom that is specifically designed

for accessibility by handicapped persons.  *Id.* ¶ 5.

5.    As demonstrated in Mr. Fischer's photographs, a handicapped person attempting

to wash his hands in the sink would easily be able to do so.  *Id.* ¶ 7, Ex. B.

6.       The sink is free of any bar that would prevent a handicapped person from rolling his wheelchair under the sink.  Also, there is plenty of floor space in front of the sink to allow a person in a wheelchair to approach the sink.  *Id.*

7.       The height of the sink is less than 34 inches, the maximum allowable height for wheelchair access.  *Id.* ¶ 8.

8.       The faucet apparatus is a lever-operated mechanism that permits access by persons with limited hand control.  *Id.* ¶ 9.

9.       If Plaintiff had entered the handicap stall in the men's restroom when he visited Rosa Mexicano in April 2006, he would have had full access to the facilities, including the sink and faucet.  *Id.* ¶ 11.

## III.    **ARGUMENT**

### A.    **Rosa Mexicano's Sinks Fully Comply With Federal Accessibility Requirements For The Disabled**

The Standards for Accessible Design adopted pursuant to the ADA ("ADA Standards") are set forth in Appendix A to ADA's Title III regulations.  The ADA Standards provide specific guidelines for the design, construction, and alteration of places of public accommodation, including public restrooms.  These requirements are not disputed in this litigation.  Diagram 31 of the ADA Standards, depicted in Exhibit B of the Complaint, sets forth the requirements for sinks, including a maximum sink height of 34 inches and a minimum toe clearance of six inches above the floor.  With regard to faucet controls, the ADA Standards state that "[l]ever-operated, push-type, touch-type, or electronically controlled mechanisms are acceptable designs."  When a public restroom includes more than one sink, only one has to be compliant with the ADA Standards.  *See* 28 C.F.R. Part 36, App. A at 4.24.7, 4.22.6.

Plaintiff cannot dispute that the sinks in Rosa Mexicano's handicap-accessible stalls are fully compliant with these standards. As noted above, the sinks compliant with the ADA Standards are located in clearly marked, handicap-accessible stalls within the public bathrooms in the restaurant. The sinks in these stalls are free of any bar that would prevent a handicapped person from rolling his wheelchair under the sinks, and there is sufficient floor space in front of the sinks to allow a person in a wheelchair to approach and use them. Statement of Undisputed Facts ("SUF") ¶ 6. Moreover, the height of the sinks is less than 34 inches, the maximum allowable height for wheelchair access. SUF ¶ 7. Finally, the faucet apparatus on the sinks is a lever-operated mechanism that permits access and use by persons with limited hand control. SUF ¶ 8. In short, there is no basis for Plaintiff's allegation that the sinks in the restrooms at Rosa Mexicano violate ADA Standards.

**B.    Rosa Mexicano Is Entitled To An Award Of Its Costs And Fees Incurred In This Litigation**

In addition, Rosa Mexicano should be awarded the fees and costs that it incurred defending this baseless litigation. After Rosa Mexicano received service of the Complaint, it undertook an investigation of the allegation that its sinks do not comply with the ADA Standards. Rosa Mexicano determined that the sinks in its restaurant fully comply with all of the requirements imposed by the ADA Standards. Counsel for Rosa Mexicano wrote Plaintiff's counsel a letter attaching pictures of the compliant handicap stalls and sinks and notifying counsel that Rosa Mexicano would seek sanctions under Rule 11 if Plaintiff did not voluntarily withdraw the Complaint. *See* Nov. 8, 2006 letter attached hereto as Exhibit 2.

On November 15, 2006, Plaintiff's counsel indicated that she had sent an investigator to Rosa Mexicano and that he could not locate the handicap stalls. *See* Nov. 15, 2006 letter attached hereto as Exhibit 3. Counsel for Rosa Mexicano telephoned Plaintiff's counsel that

same day, explaining to her that the stalls were clearly marked and inviting her to inspect the handicap restroom herself (as Rosa Mexicano's counsel herself had done). In a subsequent letter, Plaintiff's counsel indicated that, although she had personally inspected the handicap restroom on November 15 or 16 and had determined that it was compliant, her client was not willing to withdraw the Complaint.

In these circumstances, an award of fees and costs pursuant to section 505 of the ADA and/or Rule 11 of the Federal Rules of Civil Procedure is warranted. *See* 42 U.S.C. § 12205 (providing for the award of "a reasonable attorney's fee, including litigation expenses, and costs" to the prevailing party); Fed. R. Civ. P. 11 (requiring parties and their counsel to undertake a "reasonable inquiry" of the facts and the law before signing and submitting to the court any pleading, motion or other paper); *see also Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 43-44 (D.C. Cir. 1990) (affirming finding that the defendant "failed to make a reasonable inquiry into the factual basis of the amended complaint" and upholding the imposition of Rule 11 sanctions); *Coates v. United Parcel Serv., Inc.*, 933 F. Supp. 497, 499-500 (D. Md. 1996) (imposing sanctions under Rule 11 against plaintiff for pursuing frivolous claims).

**IV.    CONCLUSION**

For the foregoing reasons, Rosa Mexicano respectfully requests that this Court dismiss the Complaint with prejudice, award Rosa Mexicano its fees and costs, and grant such further relief as this Court deems just and proper.

Respectfully submitted,

/s/
Connie N. Bertram (D.C. Bar No. 435840)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5000
(202) 282-5100 (fax)
cbertram@winston.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that she caused a true and correct copy of the attached

Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment, Memorandum in

Support, Statement of Undisputed Facts, and proposed order to be served in accordance with

electronic filing procedures on this 27th day of November, 2006, upon the following individual:

> Olekanma A. Ekekwe
> 717 D Street, N.W., Suite 314
> Washington, DC 20004

> /s/
> Connie N. Bertram

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAVID C. SHARP,                              )
                                             )
     Plaintiff,                        )
                                             )
v.                                           )    No. 1:06CV01693 (JDB)
                                             )
ROSA MEXICANO D.C. LLC,                      )
                                             )
     Defendant.                        )
                                             )
_____     )

### DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1.    Rosa Mexicano is a restaurant licensed to do business at 575 7th Street, N.W., Washington, D.C.  Comp. ¶ 5.

2.    The restrooms at Rosa Mexicano feature a large, private stall that is labeled with a sign on the wall clearly indicating that it accessible to the handicapped.  Declaration of Raymond Fischer ("Fischer Dec."), ¶¶ 3, 6, Ex. B.

3.    The pictures of the Rosa Mexicano restroom that Plaintiff attached to his Complaint do not reflect the private handicapped stall.  Fischer Dec. ¶ 4.

4.    On or around October 30, 2006, Rosa Mexicano employee Raymond Fischer took several photographs of the portion of the Rosa Mexicano restroom that is specifically designed for accessibility by handicapped persons.  *Id.* ¶ 5.

5.    As demonstrated in Mr. Fischer's photographs, a handicapped person attempting to wash his hands in the sink would easily be able to do so.  *Id.* ¶ 7, Ex. B.

6.    The sink is free of any bar that would prevent a handicapped person from rolling his wheelchair under the sink.  Also, there is plenty of floor space in front of the sink to allow a person in a wheelchair to approach the sink.  *Id.*

7.    The height of the sink is less than 34 inches, the maximum allowable height for wheelchair access. *Id.* ¶ 8.

8.    The faucet apparatus is a lever-operated mechanism that permits access by persons with limited hand control. *Id.* ¶ 9.

9.    If Plaintiff had entered the handicap stall in the men's restroom when he visited Rosa Mexicano in April 2006, he would have had full access to the facilities, including the sink and faucet. *Id.* ¶ 11.

Respectfully submitted,

/s/
Connie N. Bertram (D.C. Bar No. 435840)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5000
(202) 282-5100 (fax)
cbertram@winston.com

*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DAVID C. SHARP,                    )
                                   )
      Plaintiff,                 )
                                   )
v.                                 )    No. 1:06CV01693 (JDB)
                                   )
ROSA MEXICANO D.C. LLC,            )
                                   )
      Defendant.                 )
_____ )

**DECLARATION OF RAYMOND FISCHER**

    I, Raymond Fischer, hereby declare and state as follows:

    1.    I am over the age of eighteen (18) and am competent to make this Declaration. The information contained in this Declaration is based on my personal knowledge.

    2.    I am employed as the Director of Development for Defendant Rosa Mexicano D.C. LLC, which operates the restaurant Rosa Mexicano in the District of Columbia.

    3.    Rosa Mexicano has a large, private stall in both the men's and women's restrooms that is accessible to handicapped persons. *See* Ex. A.

    4.    The pictures of the Rosa Mexicano restroom that Plaintiff attached to his Complaint do not appear to reflect the private handicapped stall.

    5.    On or around October 30, 2006, I took several photographs of the portion of the Rosa Mexicano restroom that is accessible to handicapped persons. The photographs attached hereto as Exhibit B are authentic copies of the photographs I took of Rosa Mexicano's restroom.

    6.    As shown in the first photograph, the restrooms at Rosa Mexicano feature a private stall that is labeled with a sign on the wall clearly indicating that it is accessible to the handicapped. *See* Ex. B.

7.      As shown in the second photograph, a handicapped person attempting to wash his hands would easily be able to do so. The sink is free of any bar that would prevent a handicapped person from rolling his wheelchair under the sink. *See id.* Moreover, there is plenty of floor space in front of the sink to allow a person in a wheelchair to approach the sink.

8.      As shown in the third photograph, the height of the sink is less than 34 inches, the maximum allowable height for wheelchair access. *See id.*

9.      As shown in the second and third photographs, the faucet apparatus is a lever-operated mechanism that permits access by persons with limited hand control. *See id.*

10.     The fourth photograph depicts the handicap toilet with grab bars, which is located in the same private stall. *See id.*

11.     If Plaintiff had entered the handicap stall in the men's restroom, he would have had full access to the facilities, including the sink and faucet.

12.     The photographs in Exhibit B demonstrate that the restroom wash basin architecture at Rosa Mexicano complies with all federal requirements for access by the disabled.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing document are true.

_____
**Raymond Fischer**

11/15/06
**Date**

DC:491619.1







B          Document 7-4          Filed 1

10·27·2006  08:01



Document 74    Filed 1

10.27.2006 08:06



# WINSTON & STRAWN LLP

| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 | 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND | (202) 282-5000 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | FACSIMILE (202) 282-5100 | 25 AVENUE MARCEAU<br>75116 PARIS, FRANCE |
| | www.winston.com | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894 |

CONNIE N. BERTRAM
(202) 282-5847
cbertram@winston.com

November 9, 2006

**BY FACSIMILE AND FIRST-CLASS MAIL**

Olekanma A. Ekekwe, Esq.
717 D Street, N.W., Suite 314
Washington, DC 20004

> Re:   **David C. Sharp v. Rosa Mexicano D.C. LLC**
>        **Case No. 06-1693 (JDB)**

Dear Ms. Ekekwe:

You represent David Sharp in an action brought under the Americans with Disabilities Act ("ADA") against Rosa Mexicano D.C. LLC in federal district court in the District of Columbia. We have been retained to represent Rosa Mexicano in that lawsuit.

We have conducted an investigation of the allegations of the Complaint. The restrooms at Rosa Mexicano that Mr. Sharp challenges in the suit are fully compliant with the ADA Standards for Accessible Design, located in Appendix A to ADA's Title III regulations, codified at 28 C.F.R. Part 36. The pictures of the restroom that you attached to the Complaint suggest that perhaps you or your client did not enter the handicap stall in the restroom, which is a large stall that contains its own sink and toilet.

Contrary to the allegations of the Complaint, this sink and its fixtures comply with ADA requirements, as demonstrated by the enclosed pictures. The sink is less than 34 inches high and is free of any bar that would prevent a wheelchair from rolling underneath. Also, the faucet apparatus has a lever that allows it to be operated by persons with limited hand control. These photographs and measurements demonstrate that the restaurant's restrooms comply with the ADA guidelines.

You are no doubt aware of an attorney's obligations under Rule 11 of the Federal Rules of Civil Procedure. The objective of Rule 11 is to deter baseless filings and thereby streamline the administration and procedure of the federal courts. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). The Rule requires attorneys and litigants to perform a "reasonable inquiry" of the facts and the law before signing and submitting to the court any pleading, motion

**WINSTON & STRAWN** LLP

Olekanma Ekekwe
November 9, 2006
Page 2

or other paper, and mandates that sanctions be imposed on parties and/or counsel for presenting claims that do not have evidentiary support. Fed. R. Civ. P. 11(b).

In other words, Rule 11 requires litigants to "'stop-and-think' before initially making legal or factual contentions." Id. (adv. comm. notes). Federal district courts have not hesitated to impose sanctions where a party or its counsel is shown to have asserted baseless allegations. See, e.g., Hilton Hotels Corp. v. Banov, 899 F.2d 40, 43-44 (D.C. Cir. 1990) (affirming finding that the defendant "failed to make a reasonable inquiry into the factual basis of the amended complaint" and upholding the imposition of Rule 11 sanctions); Coates v. United Parcel Services, Inc., 933 F. Supp. 497, 499-500 (D. Md. 1996) (imposing sanctions under Rule 11 against plaintiff for pursuing frivolous claims). Therefore, we urge you to comply with your Rule 11 obligations and voluntarily dismiss the Complaint.

Therefore, Rosa Mexicano requests that you voluntarily dismiss the Complaint. If we have not heard back from you by November 14, 2006, we will proceed with our motion to dismiss and will consider seeking sanctions under Rule 11.

Thank you for your attention to this matter.

Sincerely,

Connie N. Bertram

Enclosures

cc:    D. Hickey

# LAW OFFICES OF OLEKANMA A. EKEKWE, PC
### 717 D Street, NW
### Suite 314
### Washington, DC 20004

TELEPHONE: (202) 783-1750
FACSIMILE: (202) 783-1751

November 15, 2006

Connie N. Bertram
Winston and Strawn LLP
1700 K street NW
Washington, DC 20006-3817

By fax 202 282-5100

RE:  David sharp v. Rosa Mexicano DC LLC
Case # 06 cv 00237 DKC

Dear Ms. Bertram:

After receiving your letter on November 13, 2006, I compared the picture that you attached to the letter with the picture of the restroom at Rosa Mexicano Restaurant; I noticed that there is a designe difference. I spoke with your associate on November 14, 2006, Adam Gusman and advised him that I would respond to your letter today at the latest by close of business.

My investigator visited the Rosa Mexicano Restaurant and he did not find the restroom depicated in the picture that you sent.

David Sharpe's complaint against Rosa Mexicaon restaurant was filed after a carefull review of the facts presented by Mr. Sharpe; and a a carefull review of the supporting evidence which was made part of the complaint. The complaint is not baseless and would not be withdrawn. Affidavit of the investigator is attached.

Sincerely,

Olekanma Ekekwe
Attorney for David Sharpe

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

| | | |
|---|---|---|
| DAVID C. SHARP | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action no.: 06cv00237 DKC |
| vs. | ) | |
| ROSA MEXICANO, D.C., LLC | ) | |
| Defendant. | ) | |
| _____ | ) | |

## AFFIDAVIT OF INVESTIGATOR

1. At the request of counsel for Plaintiff, I traveled to the Rosa Mexicano restaurant, located on the corner of 7th and F Streets, N.W, in Washington, D.C. This restaurant is located across the street from the Verizon Center.

2. Prior to traveling to the said restaurant, I reviewed the photographs provided by the defendant in this matter, and according to defense counsel's letter, showing a handicap restroom in the said restaurant.

3. I walked through the entire public area of the restaurant, including the restroom area.

4. In addition, there is a rampway towards the rear of the restaurant. That rampway appeared to lead directly into the kitchen, and I did observe wait staff entering through the rampways into that area, and returning with food.

5. Based upon my inspection, I did not see, anywhere in the public area of the said restaurant, any handicap restroom sign, any door leading into a handicap restroom, or any handicap restroom.

FURTHER AFFIANT SAYETH NOT.

_____
Anthony E. Ramos

    The affiant, Anthony E. Ramos, appeared before me, and is either someone who is known to me personally, or who presented his driver license, and stated that the above averments are true can correct to the best of her information and belief.

_____
Notary

Notary stamp:

LILIA A. SIMON
NOTARY PUBLIC
DISTRICT OF COLUMBIA
MY COMMISSION EXPIRES 3/31/2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID C. SHARP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 1:06CV01693 (JDB) |
| | ) |
| ROSA MEXICANO D.C. LLC, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**ORDER**

Upon consideration of Defendant's Motion to Dismiss, or in the Alternative, for

Summary Judgment, it is this _____ day of December, 2006, hereby ORDERED:

      1.    that Defendant's Motion to Dismiss is hereby GRANTED and Plaintiff's

Complaint is dismissed with prejudice; and

      2.    that Defendant is awarded the reasonable fees and costs that it incurred in

defending this matter.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

By:    _____

THE HONORABLE JOHN D. BATES

To be delivered to:

Olekanma A. Ekekwe, Attorney for Plaintiff
717 D Street, N.W., Suite 314
Washington, DC 20004

Connie N. Bertram, Attorney for Defendant
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006