UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| DAVID C. SHARP | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action no.: 06cv01693JDB |
| vs. | ) | |
| ROSA MEXICANO, D.C., LLC | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF'S RESPONSE TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rules 12 (b)(6) and 56 (c) of the Federal Rules of Civil Procedure, Plaintiff, David C. Sharp, responds to Defendant's Motion to Dismiss, or in the alternative for Summary Judgment, and also moves for Summary Judgment. Plaintiff opposes Defendants' motion to dismiss and requests the Court to deny Defendant's motion. In support of this position, Plaintiff attached Memorandum and proposed order.

RESPECTFULLY SUBMITTED,

/s/
_____
Olekanma A. Ekekwe, Bar #479967
Law Offices of Olekanma A. Ekekwe, PC
Counsel for plaintiff
717 D Street, NW
Suite 314
Washington, DC 20004
202-783-1750

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the fourth day of December, 2006, a true and correct copy of the attached Plaintiff's Response to Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment, Memorandum in Support, Statement of Undisputed Facts, and proposed Order were served in accordance with the electronic filing procedures on: Connie N. Bertram, Esquire, Winston & Strawn, LLP, 1700 K Street, N.W., Washington, D.C. 20006.

/s/

_____

Olekanma A. Ekekwe, Esquire

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| DAVID C. SHARP | ) | |
| | ) | |
| Plaintiff, | ) | 06cv01693 JDB |
| vs. | ) | |
| ROSA MEXICANO, D.C., LLC | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rules 12 (b) (6) and 56 (c) of the Federal Rules of Civil Procedure, Plaintiff, David C. Sharp, submits this Memorandum in Response to Defendant's Motion to Dismiss, or in the alternative moves for Summary Judgment, and in support of Plaintiff's Motion for Summary Judgment.

### I.

### INTRODUCTION AND SUMMARY

On April 29, 2006, Plaintiff, David Sharp, entered the restroom at the Defendant's premises. He was unable to wash his hands because there was no handicapped ADA compliant sink to do so.

On October 30, 2006, six months later, and after the Complaint in this matter was filed, Defendant's agent, Raymond Fischer, took photos of alleged handicapped facilities in the men's room at the said restaurant.

As the attached Declaration of David C. Sharp demonstrates, none of the attempts at correction existed at the time he entered the restroom on April 29, 2006. ("Sharp Dec.") *See,* Exhibit A.

As such, it is clear that, post-filing, the Defendant did attempt to take some steps to bring the said restroom into compliance with the ADA, to include, the installation of a sink, and sign, and a grab rail in the toilet area. Mr. Fischer's Declaration does not dispute that all of these attempts occurred after Mr. Sharp visited the restroom, on April 29, 2006.

Despite these attempts at compliance, the Defendant does not dispute the continuing violations of the ADA, to include, a lack of any required insulation on the plumbing of the new sink, a second grab rail in the area of the toilet, and a sign which is visible from the main dining/bar area, directing the handicapped to the restroom.

## II.

### STATEMENT OF UNDISPUTED FACTS

1. Rosa Mexicano is a restaurant licensed to do business at 575 7th Street, N.W., Washington, D.C. Comp. ¶ 5.

2. The restrooms at Rosa Mexicano feature a large, private stall that was not labeled as such at the time the Plaintiff entered the restroom on April 29, 2006. Declaration of David C. Sharp. Sharp Dec. ¶ 5, Ex. A.

2

3. The pictures of the Rosa Mexicano restroom that Plaintiff attached to his complaint do not reflect the private handicapped stall, because there was no such handicap designated, or equipped, or furnished stall on April 29, 2006.

4. On or around October 30, 2006, Defendant's agent, Raymond Fischer, took several photographs of the portion of the Rosa Mexicano restroom as it appeared on that day. The restroom did not appear in that manner on April 29, 2006, and Mr. Fisher's Declaration does not dispute or rebut this fact. ¶ 6 Sharp Dec.

5. The sink, which was installed after April 29, 2006, and after the complaint was filed is a handicapped wheelchair accessible sink, but lacks ADA required insulation. ¶ 7 Sharp Dec.

6. The restroom facilities at Defendant's premises are still not in compliance with ADA requirements, including but not limited to:

   a) insulation on the sink plumbing;

   b) signage which is visible to patrons in the dining room/ bar area;

   c) adequate grab railing around the toilets. Sharp Dec. ¶ 8.

## III.

## ARGUMENT

### A.

### Defendant, Rosa Mexicano's Handicap Restroom Facilities Failed, and Continue to Fail, to Meet With Federal Accessibility Requirements for the Disabled

The Defendant has stipulated that ADA Standards apply to its premises. Moreover, the Defendant stipulates to the particular standards concerning restrooms. In

3

fact, since the filing of the complaint, the Defendant has attempted to come into compliance with the ADA standards, as by, among other things, installing a sign on the handicap stall, installing a sink and a grab rail.

Unfortunately, however, the Defendant's attempts at compliance fall short of the standards, because the attempted corrections are still lacking in the following items, which the Defendant does not dispute:

    a) insulation on the sink plumbing;

    b) signage which is visible to patrons in the dining room/ bar area;

    c) adequate grab railing around the toilets.

As a result, this Court should retain jurisdiction over this matter until such time as the Defendant is in full compliance with the said standards.

## B.

### The Plaintiff is Entitled to an Award of Its Costs and Fees Incurred in this Litigation

Pursuant to section 505 of the ADA, the Plaintiff is entitled to fees and costs.

These fees and costs should be continuing in nature until such time as the Defendant is in full compliance with the standards.

## C.

### CONCLUSION

The Declaration of Raymond Fischer is irrelevant to these proceedings, given that Mr. Fischer's visit and photos took place well after the incident complained of.

4

The Defendant had made attempts to correct the ADA violations, as indicated above. The attempts, however, do not bring the premises in full compliance with the ADA, also as indicated above.

This Court should enter summary judgment in favor of the Plaintiff on the issue of liability.

This Court should enter an Order, granting the Defendant thirty (30) days to bring the restrooms into full compliance, and reserving jurisdiction for the Plaintiff to inspect the premises.

This Court should enter an order awarding the Plaintiff an award of costs and fees, upon Plaintiff filing a motion.

This Court should deny the Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment.

RESPECTFULLY SUBMITTED,

/s/
_____
Olekanma A. Ekekwe, Bar #479967
Law Offices of Olekanma A. Ekekwe, PC
Counsel for plaintiff
717 D Street, NW
Suite 314
Washington, DC 20004
202-783-1750

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the fourth day of December, 2006, a true and correct copy of the attached Plaintiff's Response to Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment, Memorandum in Support, Statement of Undisputed Facts, and proposed Order were served in accordance with the electronic filing procedures on: Connie N. Bertram, Esquire, Winston & Strawn, LLP, 1700 K Street, N.W., Washington, D.C. 20006.

/s/
_____
Olekanma A. Ekekwe, Esquire

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

DAVID C. SHARP        )
                      )
                      )
      Plaintiff,      )    Civil Action no.: ( 06 CV 01693 JDB
                      )
vs.                   )
                      )
ROSA MEXICANO, D.C., LLC  )
                      )
      Defendant.      )
                      )
_____)

**DELCLARATION OF DAVID C. SHARP**

Exhibit A

I, David Sharp, hereby declare and state as follows:

1. I am over the age of eighteen (18) and am competent to make this Declaration. The information contained in this Declaration is based on my personal knowledge.

2. I am the Plaintiff in this matter.

3. Rosa Mexicano, at the time I entered, which was prior to the filing of this matter, and therefore prior to the affidavit of Raymond Fischer, had a private stall with a door which was handicap accessible.

4. The photographs attached to my complaint, reflect a showing of the only sinks in the men's room at the time I went in to use the restroom.

5. At the time I went to use the restroom, there was no label on the stall, indicating that it was for handicapped use. This is because, in fact, it was not.

6. At the time I went to use the restroom, contrary to Mr. Fischer's recent Declaration, there was no handicap sink in the handicap accessible stall. This appears to have been installed after the complaint was filed.

7. The sink, in fact, is still not accessible, because the piping is not covered with insulating material, unless the defendant has, post filing, installed same. This could cause injury and damage to me and to my wheelchair in the event of a plumbing problem.

8. Moreover, the stall itself is not accessible, because, although a grab bar was placed in the toilet area after the complaint was filed, it takes two grab bars to be able to swing out of the chair, and grab the second bar, to prevent injury while transferring to the toilet seat.

9. The concern over an affidavit of Mr. Ramos is equally misplaced because, there was no sign in the dining room, to alert me, or him, as to where the handicap accessible bathroom was located. I drove my powered wheelchair through the entire dining room, looking for that bathroom, before finally being shown where it was.

10. For these reasons, the restroom facilities do not meet with federal requirements for access by the disable.

I solemnly swear under the penalties of perjury and upon personal knowledge that the contents of the foregoing document are true.

_David C. Sharp_   _Dec 1, 2006_
David C. Sharp                    Date

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| DAVID C. SHARP ) | |
| ) | |
| Plaintiff, ) | Civil Action no.: 06cv01693 JDB |
| ) | |
| vs. ) | |
| ) | |
| ROSA MEXICANO, D.C., LLC ) | |
| Defendant. ) | |
| _____ ) | |

### ORDER ON DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE, having come before this Court on Defendant's Motion to Dismiss, or in the alternative moves for Summary Judgment, and Plaintiff's Motion for Summary Judgment, and the Court having reviewed the pleadings, memorandum and exhibits of the parties, and being otherwise duly advised in the premises, it is

CONSIDERED AND ORDERED that:

1. Defendant's Motion to Dismiss is denied.

2. Defendant's Motion for Summary Judgment is denied.

3. Plaintiff's Motion for Summary Judgment is granted.

4.   This Court hereby reserves jurisdiction over this matter, until such time as Defendant complies with the ADA standards, including the items listed in Plaintiff's Motion.

5.   Defendant shall have thirty (30) days from the date of this Order to comply with the said requirements. Failure to comply within the said thirty (30) days may result in the imposition of sanctions upon the Defendant.

6.   The Plaintiff shall be awarded reasonable costs and fees consistent with this matter, upon the filing and disposition of a motion concerning same.

DONE and ORDERED in Chambers this, _____ day of December, 2006.

_____
Hon. John D. Bates

Conformed copies to:

Olekanma A. Ekekwe, Esquire, counsel for Plaintiff.

Connie N. Bertram, Esquire, counsel for Defendant