IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID C. SHARP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06CV01693 (JDB) |
| ) | |
| ROSA MEXICANO D.C. LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, AND
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Rosa Mexicano D.C. LLC ("Rosa Mexicano") submits its Reply Brief in Support of its Motion to Dismiss, or in the Alternative, for Summary Judgment, as well as its Opposition to Plaintiff's Motion for Summary Judgment.

**I.    INTRODUCTION AND SUMMARY**

In his Complaint in this case, Plaintiff alleges that Rosa Mexicano violated the Americans with Disabilities Act ("ADA") by failing to install in its men's restroom a sink that satisfies accessibility standards adopted pursuant to the ADA. As Rosa Mexicano demonstrated in its motion, however, Plaintiff's allegation is completely unfounded. In fact, ever since Rosa Mexicano opened for business more than two years ago, its men's room has contained a private, accessible stall with an ADA-compliant sink. Although Plaintiff may not have noticed this sink when he entered the restroom on April 29, 2006, its existence is fatal to his claim.

In an attempt to avoid the dismissal of his claim and justify his and his counsel's lack of reasonable diligence in investigating the factual allegations in the Complaint, Plaintiff contends, without any valid supporting evidence, that Rosa Mexicano must have modified the restroom

after he visited it in April 2006. Plaintiff further asserts that, although Rosa Mexicano's sink is ADA-compliant, other aspects of the restroom are non-compliant. Based on little more than uninformed conjecture, Plaintiff then moves for summary judgment in his favor and seeks the entry of an order compelling Rosa Mexicano to insulate the sink plumbing, install grab rails around the toilet and post additional "signage visible to patrons in the dining room/bar area," remedies which go far beyond the relief requested in the Complaint. Opp. at 3-5.

The Court should reject Plaintiff's arguments and motion for several reasons. As explained below, Plaintiff does not – and cannot – support with any valid summary judgment evidence his assertion that Rosa Mexicano modified the restroom after his April 2006 visit. Furthermore, it is well-settled that a litigant cannot withstand a motion to dismiss or for summary judgment by relying, as Plaintiff does here, on allegations raised for the first time in an opposition to such motions. Furthermore, even if the Court were to consider Plaintiff's new allegations relating to ADA violations that were not specified in the Complaint, the allegations are entirely unsupportable and again reflect a lack of reasonable diligence in verifying the facts and the law upon which Plaintiff purports to rely.

For these reasons, the Court should dismiss Plaintiff's claims pursuant to Rules 12(b)(6) or 56, deny his motion for summary judgment, and award Rosa Mexicano its fees and expenses pursuant to 42 U.S.C. § 12205 and Rule 11 of the Federal Rules of Civil Procedure.

## II. ARGUMENT

### A. Plaintiff Concedes That The Sink Is ADA-Compliant And Cannot Establish That Rosa Mexicano Modified The Restroom After His Visit

In his opposition, Plaintiff does not dispute that the sink in Rosa Mexicano's restroom is fully compliant with the ADA. See Opp. at 3 (acknowledging that the sink is a "handicapped wheelchair accessible sink"). Rather, Plaintiff contends that his claims are viable because the

2

restroom was not compliant at the time that Plaintiff visited Rosa Mexicano on or around April 29, 2006. Opp. at 2-3. Plaintiff appears to operating under the misapprehension that the filing of his Complaint prompted Rosa Mexicano to install an ADA-compliant sink. In support of this assertion, Plaintiff submits a declaration claiming that when he visited the restroom, "there was no handicap sink in the handicap accessible stall." Sharp Dec. ¶ 6.

Contrary to Plaintiff's allegations, the restroom stalls, including the sinks, were designed and installed in 2003 as part of the original construction of the Rosa Mexicano restaurant. See Supplemental Declaration of Raymond Fischer ("Fischer Dec.") ¶¶ 3, 4 (attached as Ex. A). The handicapped restroom facilities were built in accordance with plans and specifications prepared by IA Interior Architects to ensure handicap access. Id. ¶ 3, Ex. A to original Fischer Dec.; Declaration of Andrew Dondero ("Dondero Dec.") ¶ 3 (attached as Ex. B). The photograph of the sink that Rosa Mexicano submitted in support of its motion thus depicts the sink exactly as it was on the date of Plaintiff's alleged visit. Fischer Dec. ¶ 9.[1] The District of Columbia, in fact, issued Rosa Mexicano a Certificate of Occupancy only after conducting a walk-through inspection of the premises, which included an assessment of the restroom facilities for ADA compliance. Id. ¶ 5, Ex. 1.

Thus, it is undisputed that the restroom facilities at Rosa Mexicano at all times included an accessible sink. Fischer Dec. ¶ 7. The mere fact that Plaintiff may not have *seen* the sink when he entered the restroom on April 29, 2006 does not create a disputed issue of material fact sufficient to deny Rosa Mexicano's motion. Consequently, the Court should enter summary judgment in Rosa Mexicano's favor and dismiss this action.

---

[1] The only modification that Rosa Mexicano has made since the filing of Plaintiff's Complaint is the installation of additional signage directing patrons to the handicapped restroom. Fischer Dec. ¶ 8.

### B.      Plaintiff's Reliance On Other Alleged Violations Is Misplaced

Plaintiff also attempts to thwart Rosa Mexicano's motion by asserting that, although the sink is ADA-compliant, other aspects of the restroom facilities are non-compliant. Specifically, Plaintiff alleges three additional shortcomings regarding the handicapped facilities in the men's restroom: lack of insulation on the plumbing of the sink, lack of a second grab rail in the area of the toilet, and lack of a handicapped sign that is visible from the main dining area. Opp. at 2. Plaintiff's reliance on these new allegations is plainly misplaced.

As a preliminary matter, courts repeatedly have refused to consider allegations raised for the first time in an opposition to a motion to dismiss or for summary judgment. See, e.g., Henthorn v. Department of Navy, 29 F.3d 682, 688 (D.C. Cir. 1994) (court should not consider factual allegations in briefs or memoranda of law when deciding Rule 12(b)(6) motion); Thomas v. City Lights School, Inc., 124 F. Supp. 2d 707, 712, n.3 (D.D.C. 2000) (refusing to consider new factual allegations raised in plaintiff's opposition); Shapiro, Lifschitz & Schram, P.C. v. Hazard, 24 F. Supp. 2d 66, 80 n. 17 (D.D.C. 1998) (same). In keeping with this approach, this Court should refuse to consider the new alleged ADA violations raised by Plaintiff for the first time in his opposition.

Furthermore, as the summary below demonstrates, even if the Court were to consider Plaintiff's new-found theories of liability, his allegations are factually and legally unsupportable.

### 1.      Insulation on Sink Plumbing

Plaintiff first contends that the restroom plumbing is not properly insulated. Opp. at 3. Section 4.19.4 of the Standards for Accessible Design adopted pursuant to the ADA ("ADA Standards"), codified at 29 C.F.R. Part 36, App. A, provides that "[h]ot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. There shall

4

be no sharp or abrasive surfaces under lavatories." As sworn to by Mr. Fischer and clearly depicted in one of the photographs attached to his original declaration, the plumbing under the handicapped sink has been since 2003 insulated with a fiberglass coating, and there are no sharp or abrasive surfaces. See Fischer Dec. ¶¶ 10, 11; Ex. B to original Fischer Dec. Thus, Rosa Mexicano implemented back in 2003 the very measures that Plaintiff seeks in his opposition.

2.   Grab Rail

Plaintiff also asserts that Rosa Mexicano's restroom does not include proper grab rails near the toilet. Opp. at 3. The ADA Standards require two grab rails at the handicapped toilet, one directly behind the toilet and one on the adjacent wall at a 90-degree angle. See 29 C.F.R. Part 36, App. A, Figures 29, A-6. It is astounding that Plaintiff asserts that there is only one grab rail at the toilet despite the overwhelming photographic evidence to the contrary, which clearly shows two grab rails in the Rosa Mexicano restroom arranged in compliance with Figures 29 and A-6. See Fischer Dec. ¶ 12; Ex. B to original Fischer Dec. Again, therefore, Rosa Mexicano implemented in 2003 the very measures that Plaintiff seeks in his opposition.

3.   Signage

Plaintiff's final allegation is that there is no "sign that is visible from the main dining/bar area, directing the handicapped to the restroom." Opp. at 2. Plaintiff, however, does not identify any ADA Standard that Rosa Mexicano ostensibly violates with its alleged lack of signage. Section 4.30 of the ADA Standards merely states that, "[w]here permanent identification is provided for rooms and spaces, signs shall be installed on the wall adjacent to the latch side of the door." Plaintiff cannot dispute that the private handicapped stall is labeled with a sign on the adjacent wall clearly indicating that it accessible to the handicapped. See Ex. B to original Fischer Dec. Given that there is no regulation requiring the installation of multiple handicapped

5

access signs for a single facility, or requiring that the sign be visible to all patrons in the main dining area, this allegation cannot form the basis of a valid ADA claim.[2]

\*   \*   \*

In sum, Plaintiff's new allegations in his opposition are wholly unsupportable and reflect the same lack of reasonable diligence that resulted in the factually inaccurate allegations of his Complaint. Quite simply, no reasonable juror could conclude that Rosa Mexicano failed to comply with all federal requirements for restroom access by disabled persons. Consequently, Plaintiff's claim should be dismissed with prejudice.

### C.  Rosa Mexicano Is Entitled To An Award Of Its Costs And Fees Incurred In This Litigation

In his Opposition, Plaintiff does not dispute that a prevailing party is entitled to its fees and costs incurred in the litigation. See ADA § 505, 42 U.S.C. § 12205 (providing for the award of "a reasonable attorney's fee, including litigation expenses, and costs" to the prevailing party). Even more significantly, Plaintiff does not address Rosa Mexicano's argument that it should be awarded fees and costs as a sanction for Plaintiff's failure to undertake a "reasonable inquiry" of the facts before filing the Complaint, and for unreasonably refusing to withdraw the Complaint despite overwhelming evidence presented of Rosa Mexicano's compliance. See Fed. R. Civ. P. 11 (requiring parties and their counsel to undertake a "reasonable inquiry" of the facts and the law before signing and submitting to the court any pleading, motion or other paper).

Consequently, Rosa Mexicano should be awarded its fees and costs pursuant to section 505 of the ADA and/or Rule 11 of the Federal Rules of Civil Procedure.

---

[2] In any event, as a gesture of good faith, on or around November 17, 2006 and December 5, 2006, Rosa Mexicano installed additional signage in the corridor and in the main dining area directing patrons to the handicapped restroom, notwithstanding the fact that it had no obligation under the ADA Standards to do so. See Fischer Dec. ¶ 8.

6

### D. Plaintiff's Cross-Motion For Summary Judgment Must Be Denied

As a final matter, the Court should deny Plaintiff's cross-motion for summary judgment. Plaintiff plainly does not – and cannot – satisfy his burden of demonstrating that he is entitled to judgment as a matter of law. His proffered statement of "undisputed facts" consists of little more than unsupported conjecture. The evidence submitted by Rosa Mexicano plainly establishes the inaccuracy of Plaintiff's contentions and amply demonstrates that the Court should enter summary judgment in Rosa Mexicano's favor.[3]

## IV. CONCLUSION

For the foregoing reasons, Rosa Mexicano respectfully requests that this Court dismiss the Complaint with prejudice, award Rosa Mexicano its fees and costs, deny Plaintiff's motion for summary judgment and grant such further relief as this Court deems just and proper.

Respectfully submitted,

/s/
Connie N. Bertram (D.C. Bar No. 435840)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006
(202) 282-5000
(202) 282-5100 (fax)
cbertram@winston.com

Counsel for Defendant

---

[3] Local Rule 56.1 provides in pertinent part that an opposition to a motion for summary judgment "shall be accompanied by a separate concise statement of genuine issues setting forth all material facts *as to which it is contended there exists a genuine issue necessary to be litigated.*" Loc. Civ. R. 56.1 (emphasis added). Because it is Rosa Mexicano's position that there is no genuine issue necessary to be litigated and that it is entitled to judgment as a matter of law, it has not included a statement of disputed material facts in this submission.

## CERTIFICATE OF SERVICE

The undersigned certifies that she caused a true and correct copy of the attached Reply Brief in Support of Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment, and Defendant's Opposition to Plaintiff's Motion for Summary Judgment to be served in accordance with electronic filing procedures on this 14th day of December, 2006, upon the following individual:

>Olekanma A. Ekekwe
>717 D Street, N.W., Suite 314
>Washington, DC 20004

/s/
Connie N. Bertram

DC:494185.3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID C. SHARP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06CV01693 (JDB) |
| ) | |
| ROSA MEXICANO D.C. LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## SUPPLEMENTAL DECLARATION OF RAYMOND FISCHER

I, Raymond Fischer, hereby declare and state as follows:

1. I am over the age of eighteen (18) and am competent to make this Declaration. The information contained in this Declaration is based on my personal knowledge.

2. I am employed as the Director of Development for Defendant Rosa Mexicano D.C. LLC, which operates the restaurant Rosa Mexicano in the District of Columbia.

3. The handicapped restroom facilities at Rosa Mexicano, including the sinks, were designed and constructed in 2003 as part of the original buildout of the Rosa Mexicano restaurant. The handicapped restroom facilities were built in accordance with plans and specifications prepared by IA Interior Architects to ensure handicap access.

4. The handicapped sink and grab bars over the toilet were installed well before Plaintiff visited the restroom in April 2006.

5. Upon the completion of construction of the Rosa Mexicano restaurant, the District of Columbia issued Rosa Mexicano a Certificate of Occupancy only after completing a final walk-through inspection that included ensuring handicap-accessible restrooms. See Ex. 1.

6. There was a designated, equipped and furnished handicapped stall at Rosa Mexicano on April 29, 2006 – the same one that is there today.

7. The handicapped restroom facilities at Rosa Mexicano, including the sinks and toilet, have not been modified since they were originally designed and constructed in 2003.

8. The only modification that Rosa Mexicano has made since the original construction in 2003 is the installation of additional signage for the handicapped restroom. After Plaintiff's visit to the restaurant but before the filing of the Complaint, Rosa Mexicano installed a new sign on the wall outside the door of the handicapped stall, which is depicted in one of the photographs attached to my original declaration. I personally supervised the installation on or around November 17, 2006 and December 5, 2006, of additional signage in the corridor and in the main dining area directing patrons to the handicapped restroom.

9. The photographs that I took of Rosa Mexicano's handicapped restroom facilities on or around October 30, 2006, depict the restroom exactly as it would have appeared on April 29, 2006, with the singular exception of the sign on the wall outside the door. The sinks and the toilet have not been modified since April 29, 2006.

10. The plumbing under the handicapped sink is insulated with PVC-wrapped fiberglass, which is manufactured specifically to meet ADA requirements. The insulation of the plumbing was installed in 2003 as part of the original construction of Rosa Mexicano.

11. There are no sharp or abrasive surfaces under the handicapped sink.

12. The handicapped toilet features two grab rails, one behind the toilet and one on the adjacent wall at a 90-degree angle, as required by the ADA regulations. These grab rails were installed in 2003 as part of the original construction of Rosa Mexicano.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing document are true.

_____         12/14/06
Raymond Fischer                          Date

Department of Consumer and Regulatory Affairs
Building and Land Regulation Administration
941 North Capitol Street N.E. room 2100
Washington D.C. 20002
Tel. (202) 442 - 4470    Fax (202) 442 - 4862

Government
of the District
of Columbia
BLRA 94A

# C of O

**PERMIT NO.**
CO 67321

## CERTIFICATE OF OCCUPANCY

THIS PERMIT IS VALID ONLY FOR THE PREMISES
OF THE PROJECT ADDRESS

**DATE : 12/15/2003**

| ADDRESS : | FLOOR(S): | PRCLID : | |
|---|---|---|---|
| 575  7TH  ST  NW | PART OF 1ST FLOOR | (square)   WARD : | (lot)   ZONE : |

| PERMISSION IS HEREBY GRANTED TO : | TRADING AS: |
|---|---|
| CORPORATION :   ROSA MEXICANO DC LLC   ID No.: 14362 | ROSA MEXICANO |

| APPROVED USES : | PREVIOUS USES : |
|---|---|
| RESTAURANT | OTHER - SEE DESCRIPTION |

| TYPE : | BZA NO. : | OCCUPIED SQ. FOOTAGE: | OCCUP. LOAD: | EXPIRATION DATE: |
|---|---|---|---|---|
| NEW C/O | | 9,012 | 389 | NONE |

**DESCRIPTION OF USE:**
Restaurant/ Seating Capacity (389)

**FEE :**

$92.00

THIS CERTIFICATE SHALL BE POSTED CONSPICUOUSLY ON THE ABOVE PREMISES AT ALL TIMES. IT IS VALID INDEFINITELY, unless an expiration date is stated, VALID ONLY for the premise at the above address or part thereof, and for the purpose(s), indicated above, and IS NOT TRANSFERABLE to another person or premises under ANY conditions. ANY CHANGE in the type of business, ownership of business, or part of premises used therefor, will render this Certificate VOID and a NEW Certificate must be obtained.

| David A. Clark   DIRECTOR | PERMIT CLERK:   TOMORA DONNELL |
|---|---|



ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID C. SHARP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06CV01693 (JDB) |
| ) | |
| ROSA MEXICANO D.C. LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## DECLARATION OF ANDREW DONDERO

I, Andrew Dondero, hereby declare and state as follows:

1. I am over the age of eighteen (18) and am competent to make this Declaration. The information contained in this Declaration is based on my personal knowledge.

2. I am an employee of Forrester Construction Company, the General Contractor who was primarily responsible for overseeing the original construction of the interiors of the Rosa Mexicano restaurant, located at 575 Seventh Street NW, Washington, DC 20004.

3. The handicapped restroom facilities at Rosa Mexicano, including the sinks and toilets, were constructed in 2003 as part of the original interior buildout of the Rosa Mexicano restaurant. The handicapped restroom facilities were built in accordance with the plans and specifications prepared by IA Interior Architects.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing document are true.

/s/_____     12/14/06_____
**Andrew Dondero**                                            **Date**