UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| DAVID C. SHARP | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action no.: 06 CV 001693 JDB |
| vs. | ) | |
| ROSA MEXICANO, D.C., LLC | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Rules 12 (b) (6) and 56 (c) of the Federal Rules of Civil Procedure, Plaintiff, David C. Sharp, submits this Response to Defendant's Reply Brief in Support of Motion to Dismiss, or in the alternative moves for Summary Judgment. Sharp moves this Honorable Court to deny Defendant's motion and grant the relief that he seeks.

Memorandum of points and Authorities and proposed order is attached.

RESPECTFULLY SUBMITTED,
Law Offices of Olekanma A. Ekekwe, PC
/S/_____
Olekanma A. Ekekwe, Esquire
D.C. Bar no.: 479967
Counsel for plaintiff
1001 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004
202-742-6694

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| DAVID C. SHARP               ) | |
| ) | |
| Plaintiff,               ) | Civil Action no.: 06 CV 001693 JDB |
| vs.               ) | |
| ROSA MEXICANO, D.C., LLC   ) | |
| Defendant.               ) | |
| _____ ) | |

**MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Rules 12 (b) (6) and 56 (c) of the Federal Rules of Civil Procedure, Plaintiff, David C. Sharp, submits this Response to Defendant's Reply Brief in Support of Motion to Dismiss, or in the alternative moves for Summary Judgment. Sharp moves this Honorable Court to deny Defendant's motion and grant the relief that he seeks.

### I.

### INTRODUCTION AND SUMMARY

On or about April 29, 2006, Plaintiff, Sharp, was a patron at Defendant, Rosa's, restaurant in Washington, D.C. Plaintiff, Sharp, entered the restroom, for the purpose of, among other things, washing his hands. Upon attempting to do so, Plaintiff, Sharp, was prevented from washing his hands because the Defendant, Rosa, placed a bar on the

washstand, which prevented Sharp from rolling his wheelchair under the wash basin countertop.

In addition, even assuming Sharp could have rolled his wheelchair under the basin countertop, he would still have been prevented from utilizing the basins because the height of the basin exceeds the maximum allowable height for wheelchair access.

Finally, even assuming the wash basin was at the correct level, Sharp, who has limited use of his upper limbs, would have been prevented from turning on the water, because of the improper faucet apparatus, which does not permit for access to persons with limited hand control.

On September 29, 2006, after again visiting the restaurant and noticing that the condition still existed, Sharp filed a complaint against Defendant.

A month thereafter, Defendant filed a motion for extension of time to file responsive pleading.

Another month after filing the extension, Defendant filed a Motion to Dismiss, or alternatively for Summary Judgment. Sharp filed an opposition and Counter Motion for Summary Judgment.

On Plaintiff files this brief in response to Defendant' reply brief to Plaintiff's opposition to Defendant's Motion to Dismiss or in alternative for Summary Judgment.

## II.

## ARGUMENT

The plaintiff realleges and incorporates by reference, his original argument on this matter.

The facts are undisputed, that the defendant has taken a number of post-filing measures to bring this matter into compliance. Pursuant to Rules 12 (b) (6) of the Federal Rules of Civil Procedure, the Plaintiff is entitled to a summary judgment as a matter of law.

Sharp's case is not based only on factual allegation but also on law, hence Henthorn v. Department of Navy, 29 F. Supp. 3d 682, 688 (D.C. Cir. 1994) is not applicable in this case.

Pursuant to section 505 of the ADA, the Plaintiff is entitled to fees and costs.

These fees and costs should be continuing in nature until such time as the Defendant is in full compliance with the standards.

In an ironic twist, the Defendant now admits to most of the alleged violations as set forth by the Plaintiff, but claims that, somehow, it has no liability in this matter. Among other admissions of liability, the defendant now admits that:

1. Post-filing, it installed a handicap sign outside the stall in the restroom;

2. Post-filing, it installed a handicap restroom sign in the main dining area;

3. Insulation on the plumbing is required as part of compliance.

Having said all this however, the Defendant seeks to have this Court believe that Defendant has been in total compliance with the ADA standard with fanciful declarations of witnesses. It is as if, prior to filing this matter, the Plaintiff, as he did, was required to scour the dining area just to find a sign for the restroom. When he did not find it, he was required to venture into the one restroom in the facility, to look for it. When he did not

find a stall labeled for handicap persons, he would have been required to use a sink which the defendant admits, by virtue of admitting the necessity of a handicap sink, which was not ADA compliant.

For example, the Supplemental Declaration of Raymond Fischer indicates that, because the restaurant was granted a certificate of occupancy, with the construction of the stall, somehow, this brought the area into compliance. There is no mention, however, as to whether the inspector certified the handicap issues. In addition, as Mr. Fischer's Supplemental Declaration indicates, the fact that a certificate of occupancy was issued is irrelevant, since Mr. Fischer admits to, himself, making the modifications as to the signage, after the Plaintiff filed suit.

The Declaration of Andrew Dondero is equally lacking in information. For example, if, in fact, the sinks were in the handicapped stall, why would he not have gone ahead and installed the proper signage in the dining area and the stall? The signage was not installed because the sink was not installed.

**PLAINTIFF DOES NOT CONCED THAT SINK IS ADA-COMPLIANT AND SHARP CAN ESTABLISH THAT DEFENDANT MODIFIED THE RESTROOM AFTER HIS VISIT IF GIVEN THE OPPORTUNITY TO CONDUCT DISCOVEY**

It is disputed fact the Defendant's restroom did not have accessible sink before Sharp filed his complaint. If given the opportunity to conduct discovery on Defendant, Sharp would likely be able to establish that Defendant modified the restroom after his visit.

Sharp asserts that Defendant's restroom was not ADA complaint when he visited the facility several occasions prior to filing his complaint. Please Sharp declaration, Exhibit 1. If the sink was in the restroom as claimed by Defendant, Sharp a disabled

person would have seen it and been able to use it. The Court should deny Defendant's Motion for Summary Judgment.

### SHARP COMPLAINT IS NOT BASED ON NEW FACTUAL ALLEGATION

Sharp filed the complaint because on his numerous visits to Defendant's establishment there was no sink in the restroom and as a result Defendant was not in compliance with ADA Standard. Further, it was not until after Sharp filed his complaint, Defendant then made some modification to the restroom.

In its brief Defendant requested the Court to rule in its favor by characterizing Sharp's description and explanation of Defendant's post filing installation as "misplaced reliance on new facts." Defendant's characterization of Sharp's explanation should not be credited because Sharp stated, "since the filing of the complaint, the Defendant has attempted to come into compliance with the ADA standards, as by, among other things, installing a sign on the handicap stall, installing a sink and a grab rail. Unfortunately, the Defendant's attempts at compliance fall short of the standards, because the attempted corrections are still lacking a fact that Defendant does not dispute"

Thomas v. City Lights School, Inc. 124 F. Supp. 2d 707, 712 (DDC. 2000) does not apply in this case because Sharp is not relying on new factual allegation to establish a breach of duty. Sharp is merely pointed out that Defendant's attempt at bringing its restaurant into compliance with the ADA Standard - post sharp's filing of complaint falls short. The Court should deny Defendant's motion for summary Judgment because there exits disputed material facts.

### PLAINTIFF IS ENTITLED TO AN AWARD OF ITS COST AND FEES INCURRED IN THIS LITIGATION

Pursuant to 42 USC §12205, the ADA and supreme court decision in <u>Buckannon Board and Care Home Inc. v. West Virginia Department of Health and Human Resources</u>, 532 US 598, 149 L. Ed. 2d 855, 121 S.Ct. 1835 (2001), Sharp is entitled to fees and costs. Sharp asserts that he is likely to receive judicial relief thus making him the prevailing party in this case. In addition, Defendant already made modification to its facility as a result of Sharp's filing the complaint against Defendant.

These fees and costs should be continuing in nature until such time as the Defendant is in full compliance with the standards

### III.

### CONCLUSION

Based upon the defendant's own admissions, there exists material facts in this matter, so that this Court should enter summary judgment in favor of the plaintiff, and reserve jurisdiction to afford the plaintiff an opportunity to inspect the premises to confirm that he and similarly situated individuals are able to use Defendant's restroom without risk of injury, and reserve jurisdiction to tax costs and attorney's fees in favor of the plaintiff.

RESPECTFULLY SUBMITTED,
Law Offices of Olekanma A. Ekekwe, PC
/s/

_____

Olekanma A. Ekekwe, Esquire
D.C. Bar no.: 479967
Counsel for plaintiff

1001 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004
202-742-6694

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the eighth day of June, 2007, a true and correct copy of the attached Plaintiff's Response to Defendant's Reply Brief in Support of Motion to Dismiss or in the Alternative, Motion for Summary Judgment, Memorandum in Support, Statement of Undisputed Facts, and proposed Order were served in accordance with the electronic filing procedures on: Connie N. Bertram, Esquire, Winston & Strawn, LLP, 1700 K Street, N.W., Washington, D.C. 20006.

/s/
_____
Olekanma A. Ekekwe, Esquire

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| DAVID C. SHARP | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action no.: 06cv00237 DKC |
| vs. | ) | |
| ROSA MEXICANO, D.C., LLC | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DELCLARATION OF DAVID C. SHARP**

I, David Sharp, hereby declare and state as follows:

1. I am over the age of eighteen (18) and am competent to make this Declaration. The information contained in this Declaration is based on my personal knowledge.

2. I am the Plaintiff in this matter.

3. Rosa Mexicano, at the time I entered, which was prior to the filing of this matter, and therefore prior to the affidavit of Raymond Fischer, had a private stall with a door which was handicap accessible.

4. The photographs attached to my complaint, reflect a showing of the only sinks in the men's room at the time I went in to use the restroom.

5. At the time I went to use the restroom, there was no label on the stall, indicating that it was for handicapped use. This is because, in fact, it was not.

6. At the time I went to use the restroom, contrary to Mr. Fischer's recent Declaration, there was no handicap sink in the handicap accessible stall. This appears to have been installed after the complaint was filed.

7. The sink, in fact, is still not accessible, because the piping is not covered with insulating material, unless the defendant has, post filing, installed same. This could cause injury and damage to me and to my wheelchair in the event of a plumbing problem.

8. Moreover, the stall itself is not accessible, because, although a grab bar was placed in the toilet area after the complaint was filed, it takes two grab bars to be able to swing out of the chair, and grab the second bar, to prevent injury while transferring to the toilet seat.

9. The concern over an affidavit of Mr. Ramos is equally misplaced because, there was no sign in the dining room, to alert me, or him, as to where the handicap accessible bathroom was located. I drove my powered wheelchair through the entire dining room, looking for that bathroom, before finally being shown where it was.

10. For these reasons, the restroom facilities do not meet with federal requirements for access by the disable.

I solemnly swear under the penalties of perjury and upon personal knowledge that the contents of the foregoing document are true.

_David C. Sharp_                                               _Dec 1, 2006_
David C. Sharp                                                  Date

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| DAVID C. SHARP | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action no.: 06cv01693 JDB |
| vs. | ) | |
| ROSA MEXICANO, D.C., LLC | ) | |
| Defendant. | ) | |
| _____ | ) | |

## PROPOSED ORDER

THIS CAUSE, having come before this Court on Defendant's Motion to Dismiss, or in the alternative moves for Summary Judgment, and Plaintiff's Motion for Summary Judgment, and the Court having reviewed the pleadings, memorandum and exhibits of the parties, and being otherwise duly advised in the premises, it is

CONSIDERED AND ORDERED that:

1. Defendant's Motion to Dismiss is denied.

2. Defendant's Motion for Summary Judgment is denied.

3. Plaintiff's Motion for Summary Judgment is granted.

4. This Court hereby reserves jurisdiction over this matter, until such time as Defendant complies with the ADA standards, including the items listed in Plaintiff's Motion.

5. Defendant shall have thirty (30) days from the date of this Order to comply with the said requirements. Failure to comply within the said thirty (30) days may result in the imposition of sanctions upon the Defendant.

6. The Plaintiff shall be awarded reasonable costs and fees consistent with this matter, upon the filing and disposition of a motion concerning same.

DONE and ORDERED in Chambers this, _____ day of June, 2007.

_____
Hon. John D. Bates

Conformed copies to:

Olekanma A. Ekekwe, Esquire, counsel for Plaintiff.

Connie N. Bertram, Esquire, counsel for Defendant