IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID C. SHARP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:06CV01693 (JDB) |
| | ) |
| ROSA MEXICANO D.C. LLC, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Rosa Mexicano D.C. LLC ("Rosa Mexicano") submits its Reply to Plaintiff's Supplemental Opposition to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment.

**I.    INTRODUCTION AND SUMMARY**

This action against Rosa Mexicano under the Americans with Disabilities Act ("ADA") never should have been filed. Plaintiff alleges in his Complaint that Rosa Mexicano, which operates an upscale Mexican restaurant of the same name in the District of Columbia, violated the ADA by failing to install in the restaurant's men's restroom a sink that satisfies accessibility standards adopted pursuant to the ADA. In fact, contrary to Plaintiff's assertion, the men's restroom at Rosa Mexicano has at all times contained an ADA-compliant sink. Plaintiff may not have noticed the sink when he visited the restaurant in April 2006, but record evidence establishes that it was there. Furthermore, if Plaintiff's counsel had made a reasonable inquiry into the facts or alerted Rosa Mexicano to Plaintiff's concerns prior to filing suit, Plaintiff's oversight would have been readily revealed and this patent abuse of the judicial system averted.

Instead, Plaintiff and his counsel forged ahead with, and continue to persist in pursuing, a baseless lawsuit that has unfairly caused Rosa Mexicano to incur attorneys' fees and other costs.

Currently pending before the Court is Rosa Mexicano's Motion to Dismiss or, in the Alternative, for Summary Judgment. In support of its Motion, which was filed on November 27, 2006, Rosa Mexicano submitted evidence establishing that, since the restaurant opened for business in 2003, its men's room has at all times contained a private, accessible stall *with an ADA-compliant sink*. See Def. Mem. at Exs. 1-3. The evidence that Rosa Mexicano offered included photographs of the ADA-compliant sink in the men's restroom; construction plans by IA Interior Architects depicting the ADA-compliant sink and stall; and an affidavit from Rosa Mexicano's Director of Development, Raymond Fischer, describing and authenticating the photographs and plans. See id.

In his Opposition to Rosa Mexicano's Motion, Plaintiff appeared to acknowledge that, contrary to the allegations of his Complaint, the men's restroom contains an accessible sink, but asserted that the sink was not installed at the time that he visited the restaurant on April 29, 2006. Pl. Mem. at 3. In apparent recognition of the weakness of his claim based on the alleged lack of an accessible sink, Plaintiff also attempted in his Opposition to introduce into the litigation certain additional perceived ADA violations. For instance, Plaintiff asserted that the sink, although existent, is not ADA-compliant because the plumbing is not properly insulated. Pl. Mem. at 2. In addition, Plaintiff accused Rosa Mexicano of violating the ADA because by failing to install a second grab bar in the toilet area or provide signage in the main dining area directing patrons to the handicapped-accessible restroom. Id.

As Rosa Mexicano again emphasized in its Reply to Plaintiff's Opposition, the mere fact that Plaintiff did not observe the sink on April 29, 2006 does not mean that it was not there. Def.

Reply at 3. As further proof of the fact that the sink was, in fact, installed in 2003, Rosa Mexicano submitted, *inter alia*, an affidavit from Andrew Dondero, who is employed by the general contractor (Forrester Construction Company) that constructed the interior of Rosa Mexicano in 2003. See Def. Reply at Ex.3. Dondero testified that the "[t]he handicapped restroom facilities . . . , including the sinks and toilets, were constructed in 2003 as part of the original interior buildout" in accordance with plans and specifications prepared by IA Interior Architects. Dondero Dec. ¶ 3. Rosa Mexicano also submitted a supplemental affidavit from Raymond Fischer, in which Fischer similarly testified that the accessible sink was installed in 2003, well before Plaintiff visited the restroom in April 2006. See Def. Reply at Ex. 1.

In addition, in its Reply, Rosa Mexicano established that the Court should not consider the new alleged ADA violations identified by Plaintiff in his Opposition to Rosa Mexicano's Motion. Def. Reply at 4. To entertain those allegations would be contrary to well-settled principles of law barring consideration of claims asserted for the first time in oppositions to dispositive motions. Id. Rosa Mexicano also demonstrated that, even if the Court considered Plaintiff's new perceived violations, each of Plaintiff's allegations was in any event meritless. Id. at 4-6. As Rosa Mexicano explained, the plumbing on the accessible sink is properly insulated and the appropriate grab bars are, and always have been, installed on the walls adjacent to the accessible toilet as prescribed by the accessibility standards. Id. at 5. Furthermore, the ADA does not require the signage identified by Plaintiff in his Opposition. Id. at 5-6.[1]

Upon the filing of Rosa Mexicano's Reply, the briefing on Rosa Mexicano's Motion was complete. However, on May 25, 2007, the Court notified the parties pursuant to Rule 12(b) of the Federal Rules of Civil Procedure that Rosa Mexicano's Motion to Dismiss or, in the

---

[1] Rosa Mexicano, in the spirit of compromise and cooperation, nevertheless installed additional signage after Plaintiff filed his Complaint. Id. at 6 & Fischer Dec. ¶ 8.

3

Alternative, for Summary judgment would be treated as a Motion for Summary judgment. In light of this intended treatment, the Court afforded Plaintiff an opportunity to respond to the exhibits attached to Rosa Mexicano's Reply brief, and ordered him to do so by June 8, 2007. In accordance with the Court's Order, Plaintiff filed a Supplemental Opposition to Rosa Mexicano's Motion on June 8, 2007. This Reply brief responds to Plaintiff's Supplemental Opposition.

In his Supplemental Opposition, Plaintiff asserts that the affidavits that Fischer and Dondero submitted are "fanciful" and suggests that, if he is allowed discovery, he "likely" would be able to establish that Rosa Mexicano modified the restroom after Plaintiff visited it in April 2006. Pl. Supp. Mem. at 4. Plaintiff presents no evidence to support his assertions that Fischer and Dondero are lying about the timing of the installation of the sink. He appears to suggest, however, that the fact that Rosa Mexicano installed additional signage after his visit somehow means that it must also have installed the sink after his visit. As explained below, Plaintiff's assertions are meritless for both procedural and substantive reasons. Furthermore, his continued claim for fees and costs is completely unjustified and should be rejected.

## II.     ARGUMENT

### A.     The Court Should Reject Plaintiff's Purported Need For Discovery

In his Supplemental Opposition, Plaintiff suggests that the Court should deny Rosa Mexicano's Motion because, "[i]f given the opportunity to conduct discovery on Defendant, [he] would likely be able to establish that Defendant modified the restroom after his visit." Pl. Supp. Mem. at 4. The Court should deny this request because Plaintiff has not followed the proper procedures for requesting, and cannot satisfy the standards for allowing, any discovery prior to the Court's resolution of Rosa Mexicano's Motion for Summary Judgment.

Although Plaintiff does not cite any particular rule in his Supplemental Opposition, his purported need for discovery is governed by Rule 56(f) of the Federal Rules of Civil Procedure. Rule 56(f) provides that "[s]hould it appear from the *affidavits* of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f) (emphasis added).  In order to avail himself of Rule 56(f), therefore, Plaintiff was required to file a motion requesting discovery supported by an affidavit establishing why discovery is necessary in this case.  Id.; see also Cloverleaf Standardbred Owners Ass'n, Inc. v. National Bank, 699 F.2d 1274, 1278 n.6 (D.C. Cir. 1983) (a party who claims to require discovery must file an affidavit that comports with Rule 56(f)); Morrow v. Farrell, 187 F. Supp. 2d 548, 551 (D. Md. 2002) (when presented with a motion for summary judgment, "it is not enough for [a plaintiff] merely to lament the need for more discovery").

Plaintiff did not satisfy this requirement.  Plaintiff supported his Supplemental Opposition only with the same December 1, 2006 affidavit that he submitted in support of his original opposition.  Significantly, this affidavit neither requests an opportunity to conduct discovery nor explains why such discovery is necessary.[2]  Plaintiff's failure to submit an affidavit compliant with Rule 56(f) bars his reliance upon a purported need for discovery to fend off Rosa Mexicano's Motion.  See Battle v. Mineta, 387 F. Supp. 2d 4, 7 (D.D.C. 2005) (granting summary judgment where plaintiff, *inter alia*, ignored Rule 56(f)'s affidavit requirement);

---

[2] In that affidavit, Plaintiff merely claims that, at the time of his visit to Rosa Mexicano, "there was no handicap sink in the handicap accessible stall" and asserts, without any factual substantiation, that the sink "appears to have been installed after the complaint was filed." Sharp Dec. ¶¶ 5-6.

Washington Bancorporation v. Said, 812 F. Supp. 1256, 1276 (D.D.C. 1993) (stating that, where plaintiff failed to submit affidavits that comported with Rule 56(f), court may deny Rule 56(f) motion on that basis alone).[3]

Furthermore, even if the Court were to overlook Plaintiff's technical noncompliance with Rule 56(f)'s affidavit requirement, Plaintiff does not – and cannot – articulate any legitimate basis for allowing this case to proceed to discovery. Plaintiff's asserted need for discovery is based solely on his theory that, through discovery, he might be able to establish that the sink was installed after his visit to the restaurant. Plaintiff's theory is purely speculative and flies in the face of substantial evidence that the sink was installed in 2003, including the sworn testimony of two witnesses, construction plans of the 2003 buildout that plainly depict the accessible sink, and a certificate of occupancy issued by District of Columbia inspectors in December 2003. See Def. Reply at Ex. 1-3.

In the absence of any evidence whatsoever tending to suggest that Dondero and Fischer are lying about the timing of the installation of the sink, Plaintiff appears to contend that the post-filing installation of additional signage directing patrons to the restroom means that the sink also was likely installed after the filing of his Complaint. Plaintiff boldly proclaims in his Supplemental Opposition, in fact, that "[t]he signage was not [earlier] installed because the sink was not installed." Pl. Supp. Mem. at 4. This assertion is nonsensical. The mere fact that Rosa Mexicano, in the spirit of compromise and cooperation, voluntarily installed additional signage –

---

[3] See also Brae Trans. Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986) ("[f]ailure to comply with the requirements of Rue 56(f) is a proper ground for denying discovery and proceeding to summary judgment"); Slevin v. Home Depot, 120 F. Supp. 2d 822, 836 (N.D. Cal. 2000) ("[r]eferences in a memorandum to a need for discovery do not constitute a motion under Rule 56(f)").

6

which is not even required by the ADA – does not in any way suggest that it failed to install an accessible sink in its men's restroom until after Plaintiff filed his Complaint.

Plaintiff's requested discovery, therefore, amounts to nothing more than a "fishing expedition" that is plainly insufficient to justify the Court's rejection of Rosa Mexicano's Motion. Under these circumstances, the Court should not hesitate to grant Rosa Mexicano's Motion and terminate this litigation. See Donofrio v. Camp, 470 F.2d 428, 432 (D.C. Cir. 1972) (where affidavits submitted by defendant strongly suggested that suit was groundless, trial judge did not err in denying plaintiff's request for discovery and granting summary judgment); see also Summers v. Leis, 368 F.3d 881, 887 (6th Cir. 2004) (holding that district court erred in denying summary judgment where purported Rule 56(f) affidavit "merely recited the same conclusory allegation[s] contained in the complaint"); Exxon Corp. v. Crosby-Miss. Res., Ltd., 40 F.3d 1474, 1488 (5th Cir. 1995) (upholding entry of summary judgment and denial of discovery "where the result of a continuance to obtain further information would be wholly speculative").

### B.   The Court Should Award Rosa Mexicano, Not Plaintiff, Fees And Costs In This Case

In his Supplemental Opposition, Plaintiff also reiterates his request for an award of fees and costs. Other than a conclusory assertion that he is likely to be the "prevailing party" in this case, see Pl. Supp. Mem. at 6, Plaintiff offers little explanation as to why he is entitled to this relief. Although it is not entirely clear, Plaintiff appears to found his request for fees on his claim that Rosa Mexicano has attempted to bring its restaurant into compliance with the ADA since the filing of his Complaint. See, e.g., Pl. Supp. Mem. at 5. Plaintiff thus appears to credit himself with causing Rosa Mexicano to make certain modifications for purposes of compliance with the ADA which, in Plaintiff's mind, renders him a "prevailing party" under the fee-shifting provisions of the ADA.

7

Plaintiff's assertion, however, is completely baseless. Rosa Mexicano's restroom facilities have at all times been completely compliant with the ADA. The only post-filing modification that Rosa Mexicano has made is the installation of additional signage that directs patrons to the accessible restroom. Fischer Dec.¶ 8. Because Plaintiff has not established that this signage is even required by the ADA, the installation of it cannot be properly characterized – as Plaintiff contends – as an effort to bring the restaurant into compliance with the ADA. Rather, it simply was a gesture of good faith made by Rosa Mexicano in a failed attempt amicably to resolve the litigation.

In fact, it is Rosa Mexicano, not Plaintiff, who should be afforded an award of attorneys' fees and costs in this matter. It is undisputed that Plaintiff's counsel did not conduct an inspection of the restroom facilities prior to filing the Complaint in this action. Nor has counsel visited the restroom facilities at any time since the filing of the Complaint, notwithstanding the fact that Rosa Mexicano informed her at the inception of this litigation that Plaintiff's claims were factually baseless. See Def. Mem at Ex. 4. Instead, Plaintiff and his counsel have persisted with this frivolous litigation and compounded their initial baseless accusations against Rosa Mexicano with additional accusations of non-compliance with the ADA, all of which lack any factual or legal substantiation. See Def. Reply at 5-6.

The Court simply should not allow Plaintiff and his counsel to engage in these tactics with impunity. Consistent with the rulings in analogous cases, therefore, the Court should award Rosa Mexicano the fees and costs that it has incurred in defending this action. See Footman v. Cheung, 341 F. Supp. 2d 1218 (M.D. Fla. 2004) (sanctioning restaurant patron and his counsel who filed pleadings containing unsupported and false allegations in support of an ADA accessibility claim); Shutts v. Bentley Nevada Corp., 966 F. Supp. 1549, 1563 (D. Nev. 1997)

(imposing sanctions where plaintiff's counsel "failed to make the minimal pre-filing effort to ascertain the legal viability of Plaintiff's claim"); see also Def. Mem. at 4-5.

### III. CONCLUSION

For the foregoing reasons, Rosa Mexicano respectfully requests that the Court enter an Order granting its Motion for Summary Judgment and awarding it the fees and costs that it has incurred in defending this litigation.

Respectfully submitted,

/s/
Connie N. Bertram (D.C. Bar No. 435840)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5000
(202) 282-5100 (fax)
cbertram@winston.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that she caused a true and correct copy of the attached Defendant's Reply to Plaintiff's Supplemental Opposition to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment to be served in accordance with electronic filing procedures on this 18th day of June 2007, upon the following individual:

>Olekanma A. Ekekwe
>717 D Street, N.W., Suite 314
>Washington, DC 20004

/s/
Connie N. Bertram

DC:518971.3