UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| DAVID C. SHARP | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action no.: 06 CV 001693 JDB |
| vs. | ) | |
| ROSA MEXICANO, D.C., LLC | ) | |
| Defendant. | ) | |
| _____ | ) | |

**SUR-REPLY**
**TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION**
**TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Rules 12 (b) (6) and 56 (c) of the Federal Rules of Civil Procedure, Plaintiff, David C. Sharp, submits this Response to Defendant's Reply Brief in Support of Motion to Dismiss, or in the alternative moves for Summary Judgment. Sharp moves this Honorable Court to deny Defendant's motion and grant the relief that he seeks. Plaintiff, David Sharp, submits this Sur-Reply to Defendant's Motion for Summary Judgment.

I.    **INTRODUCTION AND SUMMARY**

On or about April 29, 2006, Plaintiff, Sharp, was a patron at Defendant, Rosa's, restaurant in Washington, D.C. Plaintiff, Sharp, entered the restroom, for the purpose of, among other things, washing his hands. Upon attempting to do so, Plaintiff, Sharp, was prevented from washing his hands because the Defendant, Rosa, placed a bar on the

1

washstand, which prevented Sharp from rolling his wheelchair under the wash basin countertop.

In addition, even assuming Sharp could have rolled his wheelchair under the basin countertop, he would still have been prevented from utilizing the basin because the height of the basin exceeds the maximum allowable height for wheelchair access.

Finally, even assuming the wash basin was at the correct level, Sharp, who has limited use of his upper limbs, would have been prevented from turning on the water, because of the improper faucet apparatus, which does not permit for access to persons with limited hand control.

On September 29, 2006, after again visiting the restaurant and noticing that the condition still existed, Sharp filed a complaint against Defendant. A month thereafter, Defendant filed a motion for extension of time to file a responsive pleading. Another month after filing the extension, Defendant filed a Motion to Dismiss, or alternatively for Summary Judgment. Sharp filed an opposition and Counter Motion for Summary Judgment. Defendant replied to the opposition and Counter Motion for Summary Judgment. Following Defendant's reply, the court ordered Defendant's motion to dismiss or, in the alternative, for summary judgment be treated as a Motion for Summary Judgment, and provided an opportunity for Sharp to respond. Sharp responded to this pleading, after which, Defendant submitted a reply to Sharp's opposition to Defendant's Motion for Summary Judgment. Sharp now submits this sur-reply.

## II. ARGUMENT

A. **Whether or not a handicapped accessible sink was installed during Plaintiff's initial visit to the restaurant is a disputed issue of material fact, which bars an order in favor of defendant's Motion for Summary Judgment**

There is an obvious disparity between Sharp's and Defendant's claims regarding whether the restroom was ADA compliant. Sharp continues to maintain that Defendant's restroom was not ADA compliant during his initial visit to Defendant's restaurant. This assertion has previously been evidenced by Sharp's affidavit as well as photographs submitted with Sharp's Complaint. See Compl. at Ex. A.

Furthermore, had there been ADA compliant facilities, Sharp would have been able to use them upon entering the restroom. The discrepancy between Sharp's restroom photographs and the photographs later submitted by Defendant indicate that alterations were made to the restroom after Sharp's visit. The affidavit submitted by Sharp is in stark contrast with those of Dondero and Fischer for the Defendant.

Contrary to Defendant's belief, Sharp is not required to present evidence in his reply to Defendant's Motion for Summary Judgment that Dondero or Fischer were not being truthful. This is a material issue of fact which is in dispute, which bars an order for Summary Judgment. Hence, Defendant's motion should be denied.

### B. **Plaintiff has made a reasonable inquiry into the facts sufficient to sustain a cause of action**

Defendant states that neither Sharp nor Sharp's attorney has made a "reasonable inquiry" into the facts, and that if Defendant was alerted to Sharp's concerns, this suit would not have been necessary. Rule 11(b) (3) of the Federal Rules of Civil Procedures states an inquiry is reasonable if "the allegations and other factual contentions have evidentiary support. . . ." Sharp has continuously proffered evidence to support his assertion that the bathroom was not handicapped accessible through his affidavit and photographs taken of the restroom.

Additionally, Defendant was "alerted" to its noncompliance upon the filing of the Complaint in this case, after which, Defendant modified the restroom and signage so that it would be compliant with ADA requirements. Based on this, it can be concluded that reasonable inquiry into the condition of the restroom was made. Defendant's requested relief should be denied.

### C. Defendant's claim that Plaintiff has violated Fed. R. Civ. P. 56(f) is an attempt shift the focus from the disputed facts in the case, thus Plaintiff is entitled to relief

Defendant argued the caption at 4 in Sharp's Response to Defendant's Motion for Summary Judgment is an admission that facts essential to justify opposing Defendant's Motion cannot be proven. This is a mischaracterization of Sharp's argument.

Defendant attempts to shift the focus from disputed facts and claims that Sharp has violated Fed. R. Civ. P. 56(f) by failing to submit affidavits indicating the need for discovery in order to oppose Defendant's Motion for Summary Judgment. This mischaracterization of explanation in Sharp's opposition is an attempt to mislead the court and misinterpret Sharp's argument.

Defendant further attempts to deceive the court by citing cases that are not on-point with the case at bar.

Rule 56(f) applies where "a party is opposing a motion for summary judgment who claims that he requires further time for investigation and discovery in order to present facts essential to justify opposition to the motion." Cloverleaf Standardbred Owners Association, Inc. v. National Bank of Washington, 699 F.2d 1274, 1278 (D.C. Cir.1982). Sharp has never asserted that further investigative time is necessary to justify oppositiion to the motion. Sharp asserted that it would likely prove the time when

defendant made changes to the facilities thus by prevailing if case goes to trial. There is no need for Sharp to obtain discovery inoder to oppose Defendant's motion, because Sharp submitted affidavit and pictures of the condition of the facilities on the day the complaint was filed as evidence of the Defendant's failure to comply with ADA requirements for handicapped restrooms.

Sharp's case is distinguished from Cloverleaf v. National Bank of Washington, where Plaintiff had "nothing to document the assertions" it made regarding its claim that National Bank was "a defunct shell without resources or assets." Id. at 1277.

Furthermore, in Morrow v. Farrell, 187 F.Supp.2d 548 (D.MD. 2002) where the court held affidavits were insufficient to oppose Summary Judgment because Morrow only stated that "information necessary for his opposition is unavailable or more discovery is needed." Id. at 551., does not apply.

Sharp did not state that he need discovery to support his position. Sharp asserted that upon his visits to Defendant's restroom, he found it not to be compliant with the ADA standards.

Additionaly, in Battle v. Mineta, 387 F.Supp.2d 5 (D.D.C. 2005) where Mineta claimed that "facts essential to justify" the case in chief were in the Defendant's control and had not been produced. Id. at 6., is also distinguished from Sharp's case.

With the filing of his Complaint, Sharp presented evidence that the Defendant's restroom which he visited on several occasions was not ADA compliant.

Cases such as Brae v. Coppers & Lybrand, 790 F.2d 1439 (1986) and Slevin v. Home Depot, 120 F.Supp.2d 822 (2000), are not applicable to Sharp's situation and should not viewed as controlling.

Defendant persistent citing of additional cases which stand for the violation of Rule 56(f) that is irrelevant and inapplicable to sharp's case is further indications of Defendant's mischaracterization of Sharp's position and should not be credited.

Sharp does not argue that discovery is necessary to place material facts in dispute in order to oppose the Motion for Summary Judgment. Rather, Sharp is arguing that disputed material facts exist. Thus Defendant is not entitled to Summary Judgment, and Sharp is entitled to the relief he seek to insure that Defendant's facilities is ADA compliant for him to use.

### D. Defendant's misinterpretation of case law does not negate Plaintiff's right to costs and fees incurred, nor is Defendant entitled to attorney's fees

Defendant arguement that Sharp has brought a frivolous lawsuit that requires Defendant be awarded attorney's fees should not be credited. Sharp asserts that Defendant interpretation of case laws is misleading; and the cases applicablablity to Sharp's complaint should be found wanting.

For example, in support of its position, Defendant cited Footman v. Cheung, 341 F.Supp.2d 1218 (M.D.Fla.2004) and states that sanctions against a restaurant patron and his counsel were upheld for filing pleadings which contained unsupported and false allegations. Again, Sharp filed his Complaint with evidence of Defendant's noncompliance to ADA requirements; hence, this Court should rule in favor of Sharp.

Footman is not analogous to the case at bar for two reasons:

First, unlike Footman, where no evidence or specific fact was clearly identified, Sharp presented evidence to support all allegations made by Sharp, as demonstrated by his affidavit and photographs submitted of Defendant's restroom.

Secondly, unlike <u>Footman,</u> where there was a requirement that administrative remedy be exhausted - a significant distinction for the Court's ruling in <u>Footman;</u> Sharp's case does not have that requirement, a fact which Defendant failed to mention in its brief. Thus the holding of <u>Footman</u> should not be made applicable to Sharp's case.

Defendant also cited <u>Schutts v. Bently Nevada Corporation</u>, 966 F.Supp. 1549 (D.Nev. 1997)., for the principal that sanctions may be imposed where plaintiff's counsel "fail[s] to make the minimal pre-filing effort to ascertain the legal viability of Plaintiff's claim." <u>Id.</u> at 1563.

The <u>Schuttss'</u> case is also inapplicable to the case at bar. In <u>Schutts</u>, counsel was unaware of relevant legal authority prior to the filing of the Complaint. Additionally, counsel had ignored formal and informal communications with opposing counsel.

In Sharp's case that is not the case. Sharp's counsel maintained informal and formal communication with opposing counsel. In addition, Sharp is very knowledgeable about the ADA and its application to a disable person. Sharp is a known advocate for the rights of people with disabilities. Sharp has been instrumental in insuring that public spaces are made accessible to people with disablilities. Moreover, Sharp is disabled. Hence, <u>Schuttss'</u> case is distinguished from Sharp's case at bar.

Defendant is not entitled to attorney's fees because Sharp's claim is legally viable based on the evidence presented by Sharp. Furthermore, the mere fact that Defendant admittedly changed its position by posting signage and altering the restroom after the filing of the Compliant is further indication that Sharp's Compliant is based on an accurate factual basis. Sharp is entitled to attorney fees and cost, as he has already prevailed on the merits of the case, by causing Defendant to make changes to its facilities.

## CONCLUSION

Based upon the defendant's own admissions, there exist material facts in dispute in this matter, so that this Court should enter Judgment in favor of the Sharp, the Plaintiff. Plaintiff requests an Order that Defendant afford Sharp an opportunity to inspect the premises to confirm that the restroom is ADA complaint and that Sharp as a disable person with limiteduse of his hands is able to use Defendant's restroom without risk of injury. Sharp requests that jurisdiction be reserved to the Court and award costs and attorney's fees in favor of the Sharp.

RESPECTFULLY SUBMITTED,
Law Offices of Olekanma A. Ekekwe, PC

/s/ Olekanma Ekekwe
Olekanma A. Ekekwe, Esquire
D.C. Bar no.: 479967
Counsel for plaintiff
1001 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004
202-742-6694

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the twenty-nineth day of June, 2007, a true and correct copy of the attached Plaintiff's Sur-Reply to Defendant's Reply Brief in Support of Motion to Dismiss or in the Alternative, Motion for Summary Judgment, Memorandum in Support, Statement of Undisputed Facts, and proposed Order were served in accordance with the electronic filing procedures on: Connie N. Bertram, Esquire, Winston & Strawn, LLP, 1700 K Street, N.W., Washington, D.C. 20006.

/s/*Olekanma Ekekwe*
Olekanma A. Ekekwe, Esquire

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| DAVID C. SHARP | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action no.: 06cv01693 JDB |
| vs. | ) | |
| ROSA MEXICANO, D.C., LLC | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PROPOSED ORDER**

THIS CAUSE, having come before this Court on Defendant's Motion to Dismiss, or in the alternative moves for Summary Judgment, and Plaintiff's Motion for Summary Judgment, and the Court having reviewed the pleadings, memorandum and exhibits of the parties, and being otherwise duly advised in the premises, it is

CONSIDERED AND ORDERED that:

1. Defendant's Motion to Dismiss is denied.
2. Defendant's Motion for Summary Judgment is denied.
3. Plaintiff's Motion for Summary Judgment is granted.
4. This Court hereby reserves jurisdiction over this matter, until such time as Defendant complies with the ADA standards, including the items listed in Plaintiff's Motion.

5. Defendant shall have thirty (30) days from the date of this Order to comply with the said requirements. Failure to comply within the said thirty (30) days may result in the imposition of sanctions upon the Defendant.

6. The Plaintiff shall be awarded reasonable costs and fees consistent with this matter, upon the filing and disposition of a motion concerning same.


DONE and ORDERED in Chambers this, _____ day of _____, 2007.


_____
Hon. John D. Bates


Conformed copies to:

Olekanma A. Ekekwe, Esquire, counsel for Plaintiff.

Connie N. Bertram, Esquire, counsel for Defendant