UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID C. SHARP,

    Plaintiff,

        v.

ROSA MEXICANO, D.C., LLC,

    Defendant.

Civil Action No. 06-1693 (JDB)

### MEMORANDUM OPINION

Plaintiff David C. Sharp brings this action against defendant Rosa Mexicano, D.C., LLC ("Rosa Mexicano") pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq (2000). He alleges that a wash basin fixture in the men's restroom at the Rosa Mexicano restaurant in the District of Columbia contains several barriers to wheelchair access that fail to meet minimum ADA requirements. Pending before the Court are defendant's motion to dismiss for failure to state a claim upon which relief can be granted, or, in the alternative, for summary judgment, and plaintiff's cross-motion for summary judgment.[1] Both parties also seek attorney's fees and costs. The undisputed record evidence shows that the restroom at issue currently includes a wheelchair-accessible wash basin and stand in compliance with the ADA. The Court thus concludes that, although the record is unclear on the status of the wash basin at the time of plaintiff's earlier visits, there is no case or controversy at the present time, and plaintiff's ADA claim, which only seeks prospective injunctive relief, is moot. Accordingly, the Court will dismiss plaintiff's complaint for lack of subject matter jurisdiction.

---

[1] For ease of reference, the Court will refer to defendant's memorandum in support of its motion to dismiss or, in the alternative, for summary judgment as "Def.'s Mem.," and to plaintiff's memorandum in support of his response and cross-motion as "Pl.'s Mem."

## BACKGROUND

The factual allegations in support of the complaint, construed in the light most favorable to plaintiff, are as follows. On April 29, 2006, plaintiff patronized the Rosa Mexicano restaurant in the District of Columbia. Compl. ¶ 6. Plaintiff entered the men's restroom to wash his hands, but was prevented from doing so because of the design of the wash basin and accompanying stand. Plaintiff alleges three barriers to wheelchair access: first, a bar under the washstand prevented a wheelchair from rolling underneath; second, the height of the washbasin exceeded the ADA's maximum height standard; and third, the faucet apparatus could not be used by an individual with limited use of his upper limbs. Id. ¶ 7.

Defendant has submitted declarations and photographs showing that, at least since October 30, 2006, the men's restroom has included a private stall accessible to handicapped persons and free from the barriers to access alleged by plaintiff. The declaration of Raymond Fischer, director of development for Rosa Mexicano, and the attached photographs show that, as of October 30, 2006, the sink in the private stall was free of any bar that would prevent a handicapped person from rolling his wheelchair under the sink; that the height of the sink is less than 34 inches, the maximum allowable height for wheelchair access; and that the faucet apparatus is a lever-operated mechanism that permits access by persons with limited hand-control. First Decl. of Raymond Fischer ¶¶ 5-9 (Nov. 15, 2006) (Def.'s Mot., Ex. A) ("First Fischer Decl."). Defendant contends that this design has been in place since the original buildout of the Rosa Mexicano restaurant in 2003, but that plaintiff simply did not see the sink in the private stall at the time of his April 26, 2006 visit. Supplemental Decl. of Raymond Fischer ¶¶ 3, 6, 7, 9 (Dec. 14, 2006) (Def.'s Reply Mem., Ex. A) ("Suppl. Fischer Decl."); see also Def.'s Reply Mem. at 3.

Plaintiff concedes that there is currently a wash basin in the private stall free from the defects alleged in the complaint, but contends that it was not in place at the time of his earlier visit on April 26, 2006. See Pl.'s Mem. at 3 (conceding in the statement of undisputed facts that "[t]he sink, which was installed after April 29, 2006, and after the complaint was filed, is a handicapped wheelchair accessible sink," but raising the new issue of whether the sink lacks insulation); Decl. of David C. Sharp ¶ 6 (Dec. 1, 2006) (averring that the sink described by Fischer "appears to have been installed after the complaint was filed," and not contesting Fischer's description of the sink as it appeared on October 30, 2006).

## STANDARD OF REVIEW

Defendant's motion to dismiss for failure to state a claim upon which relief can be granted necessarily raises the issue of mootness insofar as it is based on the contention that the restroom wash basin at issue is <u>presently</u> in compliance with the ADA. Therefore, the Court will consider whether the complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).[2]

The party seeking to invoke the jurisdiction of a federal court -- plaintiff here -- bears the burden of establishing that the court has jurisdiction. See US Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000)) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998)); see also Grand Lodge of Fraternal Order of Police v. Ashcroft, 185

---

[2] The Court previously indicated its intent to treat defendant's motion to dismiss as a motion for summary judgment due to defendant's reliance on extra-pleading declarations, and thus provided plaintiff an additional opportunity to respond to the declarations. See Minute Order filed May 25, 2007. Upon closer examination of the record, the need to resolve the threshold jurisdictional issue became apparent. As a procedural matter, jurisdictional issues cannot be resolved through the vehicle of summary judgment, which represents a merits decision, and instead should be considered under Rule 12(b)(1). Kirkham v. Societe Air France, 429 F.3d 288, 291 (D.C. Cir. 2005).

F. Supp. 2d 9, 13 (D.D.C. 2001) ("[A] Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); Pitney Bowes, Inc. v. U.S. Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998). Although a court must accept as true all the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), "'plaintiff[s'] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge, 185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1990)). At the stage of litigation when dismissal is sought, a plaintiff's complaint must be construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). Additionally, a court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case, as long as it still accepts the factual allegations in the complaint as true. See Jerome Stevens Pharmaceuticals, Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005); St. Francis Xavier Parochial Sch., 117 F.3d at 624-25 n.3; Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir.1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987).

## ANALYSIS

**I.     Mootness**

Defendant contends that plaintiff's complaint must be dismissed because its men's restroom contained a handicap-accessible, ADA-compliant sink within its handicap-accessible stall when plaintiff visited the restaurant on April 29, 2006, and that it still does to this day. See

Def.'s Mem. at 3-4; see also Def.'s Reply Mem. at 2-3. Plaintiff moves for summary judgment based on his own declaration stating that "[a]t the time [plaintiff] went to use the restroom [on April 29, 2006], . . . there was no handicap sink in the handicap accessible stall," which he contends is unrebutted by the photographs taken by Fischer months after his visit to the restroom.[3] See Pl.'s Mem. at 2-4; First Sharp Decl. ¶ 6. Plaintiff acknowledges that the sink photographed by Fischer on October 30, 2006, is "a handicapped wheelchair accessible sink," but contends that his own declaration establishes that the "restroom did not appear in this manner on April 26, 2006." Pl.'s Mem. at 3.

The subject matter jurisdiction of the Court is constitutionally limited, and the Court has an obligation under these constitutional limits to address its jurisdiction to hear a case, raising the issue sua sponte if necessary. See Ruhrgas AG v. Marathon Oil Corp., 526 U.S. 574, 583 (1999); Watts v. SEC, 482 F.3d 501, 505 (D.C. Cir. 2007). The Court abides by this duty by raising the issue of subject matter jurisdiction on its own motion before proceeding to the merits of the claim. See Steel Co., 523 U.S. at 94 ("This question [of jurisdiction] the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of

---

[3] Plaintiff's motion also refers to additional violations of the ADA not mentioned in the complaint. Plaintiff contends that the piping around the sink lacks proper insulation, and also raises a claim regarding the adequacy of grab rails around the toilet and handicap signage in certain areas of the restaurant. Pl.'s Mem. at 4; First Sharp Decl. ¶¶ 7-9. Defendant contends that plaintiff cannot raise new claims for the first time in an opposition brief and that, in any event, the additional claims are without merit. Def.'s Reply Mem. at 4-6; see also Suppl. Fischer Decl. ¶ 10-12. The Court agrees that plaintiff may not, through summary judgment briefs, raise the new claims regarding the insulation, grab bars, and signage because plaintiff did not raise them in his complaint, and did not file an amended complaint. See Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (holding that claims raised for the first time in an opposition to a motion for summary judgment are not properly before the court); accord Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996); Fisher v. Metro. Life Ins. Co., 895 F.2d 1073, 1078 (5th Cir. 1990); Calvetti v. Antcliff, 346 F. Supp. 2d 92, 107 (D.D.C. 2004).

the parties to it."); Loughlin v. United States, 393 F.3d 155, 170 (D.C. Cir. 2004) (noting jurisdiction must be the first issue considered by a federal court).

Although neither party has expressly raised the question of jurisdiction, the Court recognizes that mootness may be a limit on its jurisdiction in this case, and it is "appropriate for the Court to evaluate mootness based on its own assessment of the record where . . . the record contains adequate information to enable that assessment to occur." Isenbarger v. Farmer, 463 F. Supp. 2d 13, 22 n.5 (D.D.C. 2006). A case is moot when "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." Pharmachemie B.V. v. Barr Laboratories, Inc., 276 F.3d 627, 631 (D.C. Cir. 2002) (quoting Clarke v. United States, 915 F.2d 699, 700-01 (D.C. Cir. 1990)). Mootness deprives the Court of its ability to take remedial action because "there is nothing for [the court] to remedy, even if [it] were inclined to do so." Spencer v. Kemna, 523 U.S. 1, 18 (1998).

Notwithstanding a dispute between the parties regarding the date of installation of a wheelchair accessible sink, plaintiff and defendant are in agreement that such a sink now exists in a private, handicap-accessible stall in the men's restroom at issue. The Fischer declaration and the photographs attached thereto show that, putting aside the matter of what was in place there in April 2006, since at least October 30, 2006 the sink in the private stall has been free of the bar preventing wheelchair access under the sink; the height of the sink is less than 34 inches, the maximum allowable height for wheelchair access; and the faucet apparatus is a lever-operated mechanism that permits access by persons with limited hand-control. First Fischer Decl. ¶¶ 5-9. Thus, even assuming arguendo that the barriers to access alleged in plaintiff's complaint existed

in April 2006,[4] the present sink described by Fischer affords plaintiff the substance of the relief requested in plaintiff's complaint -- that is, that defendant be "enjoined from continuing to operate with the said conditions in violation of the ADA" and that a temporary restraining order, and preliminary and permanent injunction be entered to prevent such "continuing" discrimination." See Compl. ¶ 10. Where only injunctive or declaratory relief is requested, and events have so transpired that the controversy has ended and there is no remedy for the court to impose, a controversy is moot unless one of the exceptions to mootness applies. See Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997).

The Court thus proceeds to consider whether the voluntary cessation exception prevents plaintiff's claim from becoming moot,[5] again assuming arguendo that the alleged barriers to access existed at the time of plaintiff's April 2006 visit to the restaurant. This exception generally applies when a defendant voluntarily changes its allegedly unlawful conduct, and ensures that federal courts do not leave a wily defendant "free to return to his old ways." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 189 (2000) (quoting City of

---

[4] It bears noting that defendant contends that the barrier-free sink has been in place since the original buildout of the restaurant in 2003, and submitted substantial evidence in support of that contention. See Suppl. Fischer Decl. ¶¶ 3, 6, 7, 9; Decl. of Andrew Dondero ¶¶ 2-3 (Dec. 14, 2006) (Def.'s Reply Mem., Ex. B); but see First Sharp Decl. ¶¶ 4, 6. However, this factual dispute is not material to the determination whether the case is moot.

[5] There is a second exception where the controversy is capable of repetition, yet evading review. This exception applies when two elements are satisfied: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Pharmachemie B.V., 276 F.3d at 633 (citing Weinstein v. Bradford, 423 U.S. 147, 149 (1975)) (discussing that the challenged activity must be "by its very nature short in duration" and that the second prong requires the "same parties [to] engage in litigation over the same issues in the future"). This exception, however, is not implicated here because an activity of short duration is not involved in this case.

Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 n.10 (1982)) (internal citations omitted). However, a court may nonetheless conclude that voluntary cessation has rendered a case moot if (1) "there is no reasonable expectation that the alleged violation will recur, . . . and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Los Angeles County v. Davis, 440 U.S. 625, 631 (1979) (internal citations omitted); see also Pharmachemie B.V., 276 F.3d at 631-32.  The party asserting mootness bears the "heavy burden" of demonstrating that "the challenged conduct cannot reasonably be expected to start up again." Laidlaw, 528 U.S. at 189; see also Isenbarger, 463 F. Supp. 2d at 23.

       Defendant's evidence in support of its motion to dismiss clearly demonstrates that the alleged unlawful conduct cannot reasonably be expected to recur (assuming it occurred in the first instance).[6]  Defendant has submitted evidence which demonstrates that the men's restroom in its restaurant contains the private, handicap-accessible stall described above, and that the stall presently includes a handicap-accessible sink -- equipment that is, in short, a fixture within the restaurant.  See First Fischer Decl. ¶ 3, 7-9 and Attachments A & B.  Moreover, plaintiff concedes the present existence of those fixtures.  See Pl.'s Mem. at 3 (conceding that "[t]he sink, which was installed after April 29, 2006, and after the complaint was filed, is a handicapped wheelchair accessible sink"); see also Sharp Decl. ¶ 6 (admitting the threshold fact that the sink described by Fischer "appears to have been installed after the complaint was filed," and not contesting Fischer's description of the sink as it appeared on October 30, 2006).  The alleged discrimination cannot reasonably be expected to recur because "structural modifications . . . are

---

[6] The Court may properly consider such evidence at the pleading state in determining whether it has jurisdiction to hear the case, as long as it still accepts the factual allegations in the complaint as true, as the Court has done.  See, e.g., Jerome Stevens Pharmaceuticals, Inc., 402 F.3d at 1253-54; St. Francis Xavier Parochial Sch., 117 F.3d at 624 n.3; Herbert, 974 F.2d at 197.

unlikely to be altered in the future." See Indep. Living Resources v. Oregon Arena Corp., 982 F. Supp. 698, 774 (D. Or. 1997); see also Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005) (holding that installation of grab rails by restaurant rendered moot plaintiff's ADA complaint requesting installation of such rails, finding no basis to conclude the challenged conduct would be repeated). Furthermore, the existence of a wheelchair accessible sink cures the alleged discriminatory effects caused by the alleged former barriers, thereby satisfying the second condition of mootness. The Court thus concludes that there is no longer a live controversy and that the case is moot.[7]

## II.     Attorney's Fees

Both parties seek an award of attorney's fees and costs in this case. Plaintiff contends that he is entitled to fees because "he is likely to receive judicial relief" and "defendant made modifications to its facility as a result of Sharp's filing the complaint against Defendant." See Pl.'s Response to Def.'s Reply at 6. However, plaintiff overlooks the requirement that he must be a "prevailing party" under the ADA, which precludes a plaintiff from receiving an award of attorney's fees where no judicial relief is granted. See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res., 532 U.S. 598, 605, 610 (2001). Indeed, in Buckhannon, the Supreme Court expressly rejected the position that, under the ADA, a plaintiff may be awarded attorney's fees if his lawsuit spurred a voluntary change in defendant's conduct, a

---

[7] Plaintiff requests discovery, through which he "would likely be able to establish that [d]efendant modified the restroom after [plaintiff's] visit." Pl.'s Resp. to Def.'s Reply at 4. As defendant correctly notes, this is, in effect, a motion pursuant to Fed. R. Civ. P. 56(f), which allows the Court to refuse or delay judgment so that, upon demonstration of necessity, discovery may be had to support an opposition to a motion for summary judgment. See Fed. R. Civ. P. 56(f); see also Cloverlead Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Washington, 699 F.2d 1274, 1278 n.6 (D.C. Cir. 1983). Because the Court will not resolve this case on the merits, however, this Rule 56(f) discovery issue will not be addressed.

position known as the "catalyst theory." Id. at 605. The Court instead held that "prevailing party," a legal term of art, has long been understood to mean one who has been awarded some form of relief by the court, such as a judgment on the merits or a court-ordered consent decree altering the parties' legal relationship. Id. at 603-05; see also Davy v. CIA, 456 F.3d 162, 164 (D.C. Cir. 2006). Voluntary cessation "lacks the necessary judicial imprimatur" to qualify one as a "prevailing party" under the ADA. Buckhannon, 532 U.S. at 605; see also 42 U.S.C. § 12205 (2000). Considering the absence of any judicial relief, and the unavailability of fees based on the catalyst theory, the Court will deny plaintiff's request for attorney's fees.

Defendant requests attorney's fees pursuant to Fed. R. Civ. P. 11, which imposes an obligation on parties to bring proper and non-frivolous claims either supported by evidence, or which are likely to have evidentiary support after a reasonable investigation. See Fed. R. Civ. P. 11(b). The Court may impose sanctions, including attorney's fees, on parties who violate the aforementioned mandates. See Fed. R. Civ. P. 11 (c)(2). "The test [for sanctions] under Rule 11 is an objective one: that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim." Reynolds v. U.S. Capitol Police Bd., 357 F. Supp. 2d 19, 23 (D.D.C. 2004). The Court must also take into consideration that Rule 11 sanctions are a "harsh punishment," and what effect, if any, the alleged violations may have had on judicial proceedings. Cauderlier & Assoc., Inc. v. Zembrana, 463 F. Supp. 2d 63, 64 (D.D.C. 2006). Although the Court did not reach the merits of the case here, it does not find that plaintiff's claims were so lacking in evidentiary or legal support as to warrant sanctions. The Court also notes defendant's failure to properly move for Rule 11 sanctions "separately from other motions or requests," Fed. R. Civ. P. 11(c)(1)(A). Therefore, the Court will also decline to award attorney's fees to defendant.

**CONCLUSION**

For the foregoing reasons, the Court will dismiss the case for lack of subject matter jurisdiction. The Court also will deny plaintiff's and defendant's respective requests for attorney's fees and costs. A separate Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

Dated: July 26, 2007